CITIZENS STREET RAILROAD COMPANY v. JOLLY.

[No. 19,672. Filed June 16, 1903.]

NEGLIGENCE.—*Complaint.*—In an action against a street railway company for damages for personal injuries, an allegation in the complaint that the injuries were caused solely by the fault, carelessness, and negligence of the defendant and its employes is not a mere recital of a fact, but is a direct averment thereof, and is sufficient to disclose that the injury sustained was the direct result of the negligence imputed to the defendant. *p. 85.*

SAME. — *Complaint.* — In an action against a street railway company for damages for personal injuries, a complaint which alleges that plaintiff's injuries were caused "solely by the fault, carelessness and negligence of the defendant and its servants" avers negligence sufficiently to withstand a demurrer. *p. 85.*

STREET RAILROADS.—*Boarding Crowded Car.—Negligence.*—It is not contributory negligence *per se* to attempt to board a street car at a time when it is already crowded with passengers. *p. 85.*

SAME.—*Stopping Car.—Invitation to Take Passage.*—The stopping of a street car at a place where passengers were usually received is at least an implied invitation to those there in waiting to take passage if they so desire. *p. 86.*

SAME. — *Boarding Crowded Car. — Negligence a Question for Jury. —* Whether or not one is guilty of contributory negligence in attempting to take passage on a crowded street car where it has stopped at a place where passengers are usually received is a question of fact for the jury. *p. 86.*

SAME.—*Boarding Crowded Car.—Injury to Passenger.—Complaint.*—In an action against a street railway company for damages for personal injuries, the complaint alleged that plaintiff was in waiting at a point where it was customary for defendant to stop its cars and receive passengers; that a car stopped, and plaintiff stepped upon the step of the rear platform of the car which was already crowded with passengers, and was thrown to the ground upon the sudden starting of the car. *Held,* that the complaint showed plaintiff to have been a passenger at the time he was thrown from the car. *p. 88.*

NEGLIGENCE.—*Pleading.*—*Contributory Negligence.*—*Constitutional Law.* —The act of 1899 (Acts 1899, p. 58), providing that in all actions for damages arising from personal injury or death it shall not be necessary for plaintiff to allege or prove freedom from contributory negligence on the part of plaintiff, or on the part of the person for whose injury or death the action is brought, is not unconstitutional. *pp. 88, 89.*

SAME.—*Personal Injuries.*—*Incurred Risk.*—*Street Railroads.*—In an action against a street railway company for negligently injuring a passenger who had boarded a car already crowded, the defendant has the burden of proving facts showing that plaintiff assumed the risk incurred by boarding the car at the time. *p. 89.*

SAME.—*Instruction Not Within the Issues.*—In an action for personal injuries caused by the defendant's negligence, it is error to instruct the jury that they might inquire not only whether the injury was caused by the negligent act set forth in the complaint, but also whether it was due to "any other cause which the defendant could have guarded against by the exercise of the highest degree of skill and foresight." *p. 90.*

TRIAL.—*Instructions Considered as a Whole.*—*Erroneous Instruction.*— The rule that instructions must be considered as a whole, and that a judgment will not be reversed because a certain instruction when taken separately may be considered erroneous, is subject to the qualification that the court in the particular case on appeal must be satisfied that the jury was not misled by the error. *p. 93.*

SAME.—*Special Finding of Fact by Jury.*—*Constitutional Law.*—The act of 1897 (Acts 1897, p. 128), providing for a general verdict, and also special findings of fact, through answers to interrogatories propounded to the jury, is not unconstitutional as abridging the right of trial by jury. *pp. 93, 94.*

From Hamiltom Circuit Court; *J. F. Neal,* Judge.

Action by John S. Jolly against the Citizens Street Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. H. Latta, F. Winter, C. Winter, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellant.

*J. B. Kealing, M. M. Hugg, T. J. Kane, R. K. Kane* and *T. E. Kane,* for appellee.

JORDAN, J.—Appellee, by a jury in the lower court, was awarded damages to the amount of $7,000 for personal injuries received through the alleged negligence of appel-

lant. The trial court required him to remit $2,000 of this amount, and, over appellant's motion for a new trial, rendered judgment for the remainder.

Overruling a demurrer to each paragraph of the complaint and denying a motion for a new trial are the errors urged for the reversal of the judgment. Constitutional questions being involved, the appeal comes direct to this court.

The complaint is in two paragraphs. The facts alleged in the first show that appellant (defendant below) at the time of the alleged injury was a common carrier, and operated, managed, and controlled a street railroad in the city of Indianapolis, Marion county, Indiana, over which cars for the carriage of passengers for hire were propelled by the means of electricity. Among the several lines which it operated is one known as the "College avenue line," which passes in part over Pennsylvania street in said city—a street running north and south. On the 16th day of March, 1899, and for a long time prior to that time, the defendant, for the purpose of receiving and discharging passengers, stopped its cars which ran over the College avenue line near the south side of Market street, where the latter street intersects Pennsylvania street. This point or corner was and had been a place where many passengers took passage on the defendant's cars running over the aforesaid line. On the said day the plaintiff (appellee herein) and many other persons were standing at said corner or point, to take passage on the cars going north on the College avenue line. Plaintiff desired and intended to become a passenger upon one of said cars running over this line. A train of cars running north over said College avenue line approached the point where he was standing. This train was composed of two cars, the first being a "motor-car," and the second a "trailer" which was attached to and drawn by the motor-car. The first, or motor-car, it is alleged, was "crowded with passengers, even to the rear platform." These cars

were stopped at said corner of Market and Pennsylvania streets, where the plaintiff and other passengers were standing, in order to take and receive passengers thereon. The persons waiting at said corner or point, as aforesaid, began to board the car. At the very time appellee was in the act of boarding it, and just as he had stepped upon the step of the rear platform of the motor-car, and as he was standing thereon holding on to the post attached to said platform, being unable to proceed and move forward any further at the time, and while waiting for those in front of him to move and go forward, the conductor, a servant of the defendant in charge of said car, without waiting for him to obtain or secure a better and safer place on the car, carelessly and negligently pulled the bell-cord thereof, and gave the motorman the signal to start the car. Said motorman at once responded to said signal, and suddenly, carelessly, and negligently started the car forward "with a jerk" of such force as to jerk, pull, and break plaintiff's handhold loose from the post to which he was holding, and to throw him to the ground from the step of the platform upon which he was standing. He was thereby, it is alleged, thrown off upon the ground in such a manner as to throw his right foot upon the railroad track, whereby the said trailer or rear car passed over said foot, cutting it off at the ankle, and also inflicting other injuries upon him. It is alleged that the aforesaid injuries were "caused solely by the fault, carelessness, and negligence of the defendant and its servants and employes as aforesaid." The pleading further shows that the defendant's occupation was that of a traveling salesman, and at the time of the alleged accident he was earning the sum of $150 per month. The pleading further discloses the character of the injuries received, and other facts in relation to the damages sustained.

The second paragraph is similar to the first, and may be said to embrace all of the facts alleged in the latter, and,

in addition thereto, charges that at and near the intersection of Market and Pennsylvania streets there is a curve in the defendant's railroad track, which turns to the east on Market street; that on the day plaintiff was injured the frog and plates supporting the tracks where the accident occurred were old, loose, and much worn, so that the cars passing thereover would jump and jerk, which condition of the track was well known to the defendant. When the plaintiff was upon the step of the car, as shown in the first paragraph, the conductor, it is averred, in charge of the car, without waiting for him to secure or reach a better and safer place upon said car, "carelessly and negligently" signaled the motorman to start the car, and that thereupon said motorman "suddenly, carelessly, and negligently started the car forward, over and along the said frog and plates supporting the tracks as aforesaid stated, thereby causing said car to be started with a jerk, and with such force as to throw the plaintiff from the platform step where he was standing," thereby resulting, as alleged, in the injuries charged to him in the first paragraph. It is further alleged in this second paragraph that the injuries sustained were caused solely by the fault, carelessness, and negligence of the appellant and its servants, who, well knowing the condition of the said track, started the car forward thereover in the manner aforesaid, and started it before plaintiff could reach a place of safety upon the car. It is further averred that the conductor saw and knew the situation of the plaintiff upon the step of the car at the time, but notwithstanding that fact he gave the signal as aforesaid alleged to the motorman to start the car, etc.

It may be said that both the paragraphs in question are specimens of loose pleading, and to this extent, at least, are open to criticism. Counsel for appellant contend, however, that each is insufficient as against a demurrer for the following reasons: (1) It does not appear therein that the injuries sustained by appellee were the result of the

alleged negligence of the appellant; (2) that the facts disclose that appellee was guilty of contributory negligence; (3) neither paragraph shows that appellee intended to become a passenger for hire, or that he was able or willing to pay his fare; (4) it does not appear that appellee, in getting upon the step of the car and taking hold of the post, as alleged, was making an effort to become a passenger upon the car for hire, or with such purpose or intent; (5) each paragraph of complaint is said to be bad because the absence of contributory negligence on the part of the plaintiff is not shown.

The rule is well settled by repeated decisions of this court that a general allegation of negligence in a complaint or other pleading is sufficient to withstand a demurrer for insufficiency of facts. *Ohio, etc., R. Co.* v. *Walker,* 113 Ind. 196, 3 Am. St. 638; *Louisville, etc., R. Co.* v. *Bates,* 146 Ind. 564, and cases there cited. In each of the paragraphs in question it is alleged and shown that the injury of which the plaintiff complains was caused "solely by the fault, carelessness, and negligence of the defendant and its servants and employes, as aforesaid." This can not be said to be a mere recital of a fact, but is a direct averment thereof, and is sufficient to disclose that the injury sustained was the direct result of the negligence imputed to appellant. *Brinkman* v. *Bender,* 92 Ind. 234, and cases there cited; *Louisville, etc., R. Co.* v. *Kendall,* 138 Ind. 313. We conclude that the first objection urged against each of the paragraphs is not sustained.

The contention of appellant that the facts alleged in both paragraphs of the complaint establish that appellee, in boarding the car at the time he did, was guilty *per se* of contributory negligence, is not tenable. The mere fact that the car was "crowded" with passengers when he attempted to take passage thereon would not alone constitute negligence *per se,* or as a matter of law. *Marion St. R. Co.* v. *Shaffer,* 9 Ind. App. 486; Booth, Street Railway Law,

§355; Beach, Cont. Neg. (3d ed.), §293; *Dudley* v. *Front St. Cable R. Co.,* 73 Fed. 128.

It appears that for the purpose of receiving and discharging passengers it was the custom of appellant to stop its cars at the point where appellee on the day of the accident in question was, along with others, waiting for and intending to take passage on a north bound car over the College avenue line. The car in question, although crowded at the time, was nevertheless stopped by the servants of appellant's in charge thereof at this point to take passengers aboard. Stopping the car or cars at this place as was customary was at least impliedly an invitation to those there in waiting to take passage thereon if they so desired. *Conner* v. *Citizens St. R. Co.,* 105 Ind. 62, 55 Am. Rep. 177; *Citizens St. R. Co.* v. *Twiname,* 111 Ind. 587; Booth, Street Railway Law, §342.

If appellant, under the circumstances, by stopping its cars at the time and place as was done, did not thereby intend or desire, by reason of the fact that the car or cars were already crowded, to invite persons waiting at that point to take passage thereon, it ought to have given some warning or notice to that effect. It is disclosed that appellee, in boarding the car, got upon the step leading up to the rear platform, but could not move further forward, because of persons in front of him, and that while standing on the step, holding by his hand to a post, endeavoring to reach a safer place on the car and before being afforded by appellant an opportunity to do so, he was injured by reason of its alleged negligence. As to whether he was or was not guilty of contributory negligence in boarding the car in its crowded condition, and in exercising the care which he did, was a question of fact to be determined by the jury, under and in the light of all of the attending circumstances in the case, after being properly advised through the instructions of the trial court. *Pennsylvania Co.* v. *Marion,* 104 Ind. 239; *Maher* v. *Central, etc., R.*

*Co.,* 67 N. Y. 52; *Eppendorf* v. *Brooklyn, etc., R. Co.,* 69 N. Y. 195, 25 Am. Rep. 171; *Chicago, etc., R. Co.* v. *Fisher,* 141 Ill. 614, 31 N. E. 406; Beach, Cont. Neg. (3d ed.), 293.

Appellant, under the circumstances, having impliedly invited appellee to become a passenger on its cars, he had the right to assume that its servants in charge thereof would afford him at least a reasonable opportunity to secure a place of safety upon the car before it was started or put in motion. As to whether the relation of passenger and carrier exists, under certain circumstances, is frequently a mixed question of law and fact. Such issue, where there is conflict of evidence in respect thereto, is one for the determination of the jury, under proper instructions, and is not to be decided by the court as a matter of law. Shearman & Redfield, Negligence (3d ed.), §262; *Higley* v. *Gilmer,* 3 Mont. 90, 35 Am. Rep. 450.

This relation, in the absence of an express contract or agreement, may be implied from the attending circumstances in the case. The circumstances, however, must be such as will justify an implication that the person desiring passage has offered himself to be carried, and that such offer has been accepted by the carrier; or, in other words, the person desiring passage must in some manner indicate his intention of becoming a passenger, and place himself in the charge or care of the carrier. *Citizens St. R. Co.* v. *Twiname,* 111 Ind. 587; Elliott, Railroads, §§1578, 1579; *Ganiard* v. *Rochester, etc., R. Co.,* 50 Hun 22, 2 N. Y. Supp. 470, s. c. affirmed in 121 N. Y. 661, 24 N. E. 1092; *Spannagle* v. *Chicago, etc., R. Co.,* 31 Ill. App. 460; *Higley* v. *Gilmer, supra; Webster* v. *Fitchburg R. Co.,* 161 Mass. 298, 37 N. E. 165, 24 L. R. A. 521; 5 Am. & Eng. Ency. Law (2d ed.), 488, 489; Booth, Street Railway Law, §326.

In *Ganiard* v. *Rochester, etc., R. Co., supra,* the court held that where a person desiring to take passage on a street

car signals the person in charge thereof to stop the car, which is accordingly done, that the instant such person steps upon the step of the car, he, under the circumstances, becomes a passenger thereon.   Where it appeared that a street car was stopped for one to take passage it was held that such person, while in the act of stepping onto the platform of the car, was a passenger.   *McDonough* v. *Metropolitan R. Co.*, 137 Mass. 210.

In the appeal of *Rogers* v. *Kennebec Steamboat Co.*, 86 Me. 261, 29 Atl. 1069, it was held that where a person goes upon the gangplank of a steamboat for the purpose of taking passage on the boat, he must be considered as a passenger.

To recapitulate: By the facts as shown in each of the paragraphs of the complaint it appears that appellee was in waiting at the point where it was customary for appellant to stop its cars to receive passengers; that he desired and intended to take passage on the car over the line in controversy.   The car or cars on that occasion, as was the custom, were stopped at this point for the purpose of taking on passengers, and appellee stepped upon the step of the rear platform of the car, and was at least endeavoring, as shown, to move forward onto the platform, when he was injured through the negligence of appellant.   Under these circumstances, as the authorities to which we have referred affirm, he is at least *prima facie* shown to have been a passenger on appellant's car at the time of the accident. If, under the circumstances, upon the occasion in question, he got upon the car step merely as a trespasser, and not for the purpose of becoming a passenger on the car for hire, as alleged and claimed, then the burden was upon appellant to establish that fact.

In regard to the fifth contention or objection of counsel for appellant, it may be said that appellee, by virtue of the provisions of an act of the legislature approved February 17, 1899 (Acts 1899, p. 58), was relieved of the

burden of showing in his complaint an absence on his part of contributory negligence. But at this point we are confronted with the insistence of appellant's counsel that this act is unconstitutional, and various reasons are advanced in support of this contention. It is claimed that this statute attempts to make a distinction, in regard to contributory negligence, between cases of personal injury, and those for injury to property, where each arise out of negligence; that it is special legislation "regulating the practice in courts of justice"—a matter over which the legislature, by reason of §22, article 4, of the state Constitution, has no power of classification. The constitutional validity of this act was passed upon and affirmed in the appeal of *Indianapolis St. R. Co. v. Robinson,* 157 Ind. 232, and a majority of the members of this court still adhere to that decision.

It follows from the holding herein that neither paragraph of the complaint is open to the objections pointed out and urged by counsel for appellant.

It is next insisted that the trial court erred in giving certain instructions to the jury, and in refusing others tendered by appellant. At the close of the evidence it requested the court to instruct the jury to find in its favor upon the ground that there was no evidence to prove that appellee intended to become a passenger for hire, or that he was endeavoring to become such a passenger upon the car at the time of the accident. An inspection of the evidence as it appears in the record discloses, however, that this request was properly denied. The court also refused instructions four and seven. By the fourth instruction the court was requested to charge the jury that the burden was upon appellee to prove that he did not assume any risk or danger which contributed to the injury which he sustained. There was no error in refusing so to charge. Whatever element, if any, of assumption of risk there may be in the case at bar, the burden was upon appellant to

prove that fact as a defense. *Indiana, etc., Oil Co.* v. *O'Brien,* 160 Ind. 266.

It appears that appellant was not harmed by the court's ruling in refusing to give the seventh instruction as tendered, relative to the assumption of risk on the part of appellee, for the reason, if for no other, that this charge is substantially contained in those given by the court on its own motion. Instructions three and four, as given by the court, relative to what was essential to constitute the relation of passenger and carrier between appellant and appellee, in the light of the authorities to which we have referred in passing upon the sufficiency of the complaint, certainly afford appellant no grounds of complaint.

Instruction twenty-seven given by the court is criticised by counsel as erroneous. In this charge the court, among other things, said "That the defendant was not bound so to maintain its track, frog, and switch that there would be no swaying, jostling, or vibration of the car in passing over the same. Nor was it bound to replace the same whenever any part became slightly worn or rough, *if it remained entirely safe to operate defendant's cars over the same.*" (Our italics.) The objections of appellant are urged against that portion of the instruction which we have embraced in italics. It is contended that by this statement the jury was informed and given to understand, in effect, that appellant must be considered as an insurer of the safety of its passengers. Appellant company, as shown, was a common carrier of passengers for hire. The law, therefore, exacted of it the highest degree of care, skill, and diligence for the safety of its passengers in operating its cars and road, consistent with the mode of its conveyance, and likewise in the construction and maintenance of its tracks, roadway, and machinery. But it was only liable for negligence, and can not be considered as an insurer of the safety of its passengers. *Jeffersonville R. Co.* v. *Hendricks,* 26 Ind. 228; *Citizens St. R. Co.* v. *Twiname,* 111

Ind. 587; *Anderson* v. *Citizens St. R. Co.,* 12 Ind. App. 194; *Terre Haute, etc., R. Co.* v. *Sheeks,* 155 Ind. 74; Booth, Street Railway Law, §§328, 331.

It is possible that the portion of the charge criticised was calculated to mislead the jury in respect to the issue of the condition of appellant's track as tendered by the second paragraph of the complaint, but in regard to this point we need not and do not decide, for the reason that the judgment must be reversed for the error hereinafter mentioned, and upon a retrial the court will no doubt so modify or change the instruction in dispute as to avoid the objection now urged.

It is insisted with much earnestness by appellant's counsel that the trial court manifestly erred in giving instruction number eight in the series given by it on its own motion. This instruction reads as follows: "If you find from the evidence that plaintiff got upon one of the defendant's cars at a place where it was and had been accustomed to take on passengers, and that he was unable to get any further than the steps of the rear platform of said car, and that he was there without notice or knowledge of any objection to his being upon said step at said time, and with the knowledge and acquiescence of the defendant's servants in charge of said car, and that the plaintiff was retaining his position upon said step as well as he could by using such supports which were within his reach, and that he was thrown off of the step of said car upon which he was standing as aforesaid by reason of a severe jolt or jerk caused by said car going over a switch or a frog which was old and much worn, *or for any other cause which the defendant could have guarded against by the exercise of the highest degree of skill and foresight for the safe carriage of its passengers upon said car,* and that the plaintiff was injured by being thrown off said car at said time because of said severe jolt or jerk, then I charge you that it is for you to determine whether or not the plaintiff was

guilty of negligence on his part, contributing to his injuries; and in determining whether or not he was guilty of negligence on his part, materially contributing to his injuries, you have a right to take into consideration the crowded condition of said car, and whether or not plaintiff could have secured a safer place, and all the other facts and circumstances connected with the transaction." (Our italics.) The part of this charge to which appellant seriously objects is that embraced in italics. This clause, or portion, it is insisted, takes the case outside of the issues therein, and the jury was thereby informed, or given to understand, that they might deal with or inquire in regard to acts of negligence on the part of appellant other than those which were charged or assigned in the complaint.

Counsel for appellee argue that the clause "or for any other cause," etc., could not have harmed appellant, for the reason that the instruction does not purport to advise the jury in regard to appellant's liability, and that, when read in connection with the other instructions, it will not constitute reversible error. The vice of the clause in the charge in question is that it may be said so to extend the inquiry or investigation of the jury in regard to the negligence of appellant as to take that question outside of the issues made by the complaint. The court by this instruction appears to have summed up certain facts, and stated to the jury that, if they found that these were proved by the evidence, then they were to determine whether the plaintiff was guilty of negligence on his part. The court thereby, in effect, gave the jurors the liberty or privilege to inquire or investigate not only as to whether the plaintiff's injury was due to his being thrown off the car by reason of a severe jolt or jerk of the car, caused by its going over the switch or frog, as alleged in the second paragraph of the complaint, but they also were at liberty to inquire or investigate as to whether he was thrown off of the car by reason of a severe jolt or jerk, due to "any other

cause which the defendant could have guarded against by the exercise of the highest degree of skill and foresight." The jury manifestly must have understood by the charge in question that they were not limited to the acts of negligence on the part of appellant as charged in the complaint, but that they had the right and privilege to go outside of this issuable fact, and determine whether the jolt or jerk of the car was due to negligence of the appellant, other than that of which the plaintiff complained. It is not only possible, but quite probable, that the jurors, in their investigation, were misled, to the prejudice of appellant, by the charge in question. As a general rule, a confused and misleading instruction will afford grounds for reversal, unless it is apparent to the court, from the record in the case, that the jury in fact was not misled thereby. The general rule which affirms that instructions must be considered as a whole, and not in detached parts, and that, when so considered, if the charge of the court appears to be fair and correct as a whole, the judgment will not be reversed because some part thereof, when considered separately, may be said to be erroneous, can not be invoked in this case to prevent a reversal on account of the erroneous instruction in controversy. That rule is subject to the qualification that the court in the particular case on appeal must be satisfied that the jury was not misled by the error in giving the instruction, to the prejudice of the complaining party. Blashfield, Instructions to Juries, §391. We are not able to say in this appeal that the jury was not misled by the charge, to the prejudice of appellant.

It is finally contended that the court erred in denying appellant's request for a special verdict. It appears that the jury returned a general verdict along with findings upon a series of interrogatories submitted to them by the court as provided by an act of the legislature approved March 4, 1897 (Acts 1897, p. 128). Section 389 of the civil code of 1881 which authorized a special verdict, was

amended in 1895 (Acts 1895, p. 248). This section as amended was expressly repealed by §2 of the act of 1897, *supra*. Consequently the law providing for or authorizing special verdicts was not in existence at the time of the trial of the case at bar, and therefore appellant was not entitled to demand, nor was the trial court authorized to require the jury to find a special verdict instead of a general verdict. But appellant contends that the act of 1897 is unconstitutional for the reason that it abridges the right of trial by jury as such right existed at the time of the adoption of the present Constitution, and consequently said act can not be held to have repealed §389 of the civil code. A jury in this State has always been, in a civil action, empowered only to decide or pass upon questions of fact. The act of 1897 provides for a general verdict, and also special findings of fact, through answers to interrogatories propounded to the jury. It enables each party in a cause triable by jury to have submitted to and determined by the jury every essential fact in the case, and in no manner can it be said to abridge the right of parties to a trial by jury as authorized by our fundamental law. See *Udell* v. *Citizens St. R. Co.*, 152 Ind. 507, 71 Am. St. 336.

Other alleged errors of the trial court are discussed by counsel, but, as these may not again arise upon another trial, we pass them by without consideration.

For error of the court in giving to the jury its eighth instruction, the judgment is reversed, and the cause ordered to be remanded to the lower court, with instructions to grant appellant a new trial.