# THE BALTIMORE AND OHIO RAILROAD COMPANY
## *v.* PECK.

[No. 7,906. Filed April 22, 1913.]

1. RAILROADS. — *Damage to Property.* — *Fire.* — *Instructions.*—Instructions, in an action against a railroad company for damages from fire, that if the fire which destroyed plaintiff's land occurred before the fire which escaped from defendant's right of way, the defendant need not account for the origin of the fire which destroyed plaintiff's property, and that if defendant negligently permitted fire to escape, the jury could not find against it, if it further found that plaintiff's land was burned over by a fire which occurred prior to the fire which defendant allowed to escape, correctly stated the law applicable to the facts as assumed therein. p. 283.

2. APPEAL.—*Review.*—*Refusal of Instructions.*—The rejection of instructions applicable to facts in support of which there was some evidence, and which fairly state the law, constitutes reversible error, unless they were covered by other instructions given, or it appears that the substantial rights of the appellant were not prejudiced by such refusal. p. 283.

3. TRIAL.—*Instructions.*—*Special Instructions.*—The giving of a general instruction does not authorize the refusal of a particular instruction applicable to the issues and the evidence, but a party is entitled, upon proper request, to have an instruction given on his own theory of the case, if there is evidence fairly tending to support it. p. 284.

4. APPEAL.—*Review.*—*Harmless Error.*—*Refusal of Instructions.*— In an action against a railroad company for damages from fire, the refusal of instructions that if the fire which destroyed plaintiff's property occurred before the fire which escaped from defendant's right of way, the defendant would not be liable, was harmless, where the jury specially found that the fire on plain-

tiff's land occurred after the escape of the fire from defendant's right of way. p. 284.

5.   TRIAL.—*Instructions.*—Instructions must be relevant to the issues and pertinent to the evidence, and, unless they are, their giving is reversible error, where it does not clearly appear that the complaining party was not harmed thereby. p. 285.

6.   RAILROADS.—*Damage to Property.—Fire.—Instructions.*—In an action against a railroad company for damages from fire, an instruction on the measure of damages, which included statements of the measure of damages, on items outside the issues and the evidence, and also told the jury that it might add interest "to any such element of damages as the jury may see fit to award damages for," was misleading and erroneous. p. 285.

From Porter Superior Court; *A. D. Bartholomew,* Judge.

Action by Egbert A. Peck against The Baltimore and Ohio Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*W. H. Dowdell, Bomberger, Sawyer & Curtis,* and *Calhoun, Lyford & Sheean,* for appellant.

*Frank B. Parks, D. E. Kelly* and *Walter Fabring,* for appellee.

ADAMS, J.—The complaint in this action charges that on or about October 1, 1908, appellant negligently permitted and caused to be gathered on its right of way in section 6, township 35, range 4 west, in Laporte County, Indiana, large quantities of combustible material, and set fire to the same; that appellant negligently permitted said fire to escape from its right of way to other lands in said section 6, south of its right of way, and negligently permitted said fire to escape from said lands to the lands of one Nicholas W. Box, and from the lands of said Box to the adjoining lands of appellee in Porter County; that by reason of the negligence of appellant, in permitting said fire to escape, the same burned over the lands of appellee to a depth of two feet, whereby appellee was damaged in the sum of $1990. Trial by jury, verdict and judgment for appellee in the sum of $1300. Appellant's motion for a new trial was overruled, and this ruling constitutes the only error assigned.

Baltimore, etc., R. Co. v. Peck—53 Ind. App. 281.

One of the issuable facts in the case was whether appellee's land was burned over by the fire which was permitted to escape from appellant's right of way on or about October 1, 1908, as charged in the complaint, or by a fire occurring at an earlier date. As to this issue, there was a conflict in the evidence, ten witnesses testifying that appellee's land was burned over during the early part of September, 1908, and other witnesses testifying that said land was burned over after October 1, 1908.

The court refused to give instructions Nos. 2 and 3 tendered by appellant. These instructions were as follows: No. 2. "If the fire which destroyed the plaintiff's land occurred before the fire which escaped from defendant's right of way in section 6 in Laporte County, the defendant need not account for the origin of the fire which destroyed plaintiff's property, and, under such a state of the evidence, you must find for the defendant." No. 3. "If you find from the evidence that the defendant negligently set fire to land in section 6 in Laporte County, on or about October 1, 1908, you cannot find against the defendant in this cause, if you further find from the evidence that plaintiff's land was burned over by a fire which occurred prior to the said fire which defendant allowed to escape in Laporte County." The rejected instructions fairly state the law, as applied to the facts assumed therein. As there was evidence tending to prove such facts, the instructions were relevant, and failure to give the same to the jury must be held reversible error, unless said instructions were covered by other instructions given, or that the substantial rights of appellant were not prejudiced by such failure.

Appellee does not seriously contend that the instructions tendered and refused were not relevant, but insists that the first instruction given by the court of its own motion, namely, that before the plaintiff can recover, he must prove the material averments of his complaint by a fair prepon-

derance of the evidence, was in effect the same as the instructions tendered and refused. In this, we think, appellee is clearly in error. The first instruction given by the court was a general instruction required by statute to be given in every case. The giving of a general instruction does not authorize the refusal of a particular instruction, applicable to the issues and the evidence. *Fleming* v. *State* (1894), 136 Ind. 149, 154, 36 N. E. 154. A party upon a proper request is entitled to have an instruction given on its own theory of the case, if there is evidence fairly tending to support it. 2 Elliott, Gen. Prac. §899.

. The instructions tendered by appellant and refused by the court were supported by evidence, were within the issues, and were expressive of appellant's theory of the case. But appellee further insists that the failure to give the instructions requested was harmless, for the reason that the jury, by its special verdict, found that the fire on appellee's lands occurred between the first and fifth of October, 1908. In the light of this special finding appellee's contention must be sustained. *Muncie Pulp Co.* v. *Hacker* (1906), 37 Ind. App. 194, 209, 76 N. E. 740.

Complaint is also made by appellant of instruction No. 8, given by the court of its own motion, on the ground that said instruction includes elements not within the issues, and not supported by any evidence. Instruction No. 8 is in the words following: "If you find for the plaintiff, it will be your duty to assess his damages for such items, if any, as he is entitled to recover for. The measure of damages, if a party is entitled to recover for an injury to his own real estate, is the difference, if any, between the fair cash market value of the land immediately before the fire, and its fair cash market value immediately thereafter. If a party is entitled to recover for matured crops burned on rented lands, the measure of damages is the fair cash market value of the crops at the time and place and in the condition

where burned. If a person is entitled to damages for an injury to pasture land, the measure of damages therefor is the difference, if any, between the cash rental value of such pasture land immediately before the fire and the cash rental value of such lands after the fire. To any such element of damages as the jury may see fit to award damages for, they may or may not, as they see fit, add interest at the rate of six per cent per annum from the time of the burning of the property to date." The items of damage set out in the complaint are for burning over land $1790, for burning grove of trees and standing grass $100, for burning 100 rods of fence $100. There was no demand for loss of matured crops or pasture lands, and there was no evidence that any matured crops were burned. There was no evidence of any trees burned, and no evidence of the rental value of any pasture land destroyed. It is a well-established rule that instructions must be relevant to the issues and pertinent to the evidence, and, if an instruction is given concerning facts not supported by any evidence, or outside of the issues joined, the giving of such instructions will be reversible error, unless it clearly appears that the complaining party was not harmed thereby. *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 31, 25 N. E. 156; *Hanes* v. *State* (1900), 155 Ind. 112, 118, 57 N. E. 704; *Robinson* v. *State* (1899), 152 Ind. 304, 308, 53 N. E. 223; *Blough* v. *Parry* (1896), 144 Ind. 463, 470, 40 N. E. 70, 46 N. E. 560; *McKeen* v. *Porter* (1893), 134 Ind. 483, 490, 491, 34 N. E. 223; *Lindley* v. *Sullivan* (1893), 133 Ind. 588, 593, 32 N. E. 738, 33 N. E. 361; *Nicklaus* v. *Burns* (1881), 75 Ind. 93, 97. We cannot say that the giving of instruction No. 8 was harmless. It was in part, not only outside of the issues and the evidence, but told the jury that "to any such element of damages as the jury may see fit to award damages for" interest might be added. From this instruction the jury might have assumed that

it was not limited to the evidence in assessing damages, but might award damages as it saw fit.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 101 N. E. 674. See, also, under (1) 33 Cyc. 1398; (2) 38 Cyc. 1703; (4) 38 Cyc. 1817; (5) 38 Cyc. 1612; (6) 33 Cyc. 1401. As to constitutionality of statutes requiring equipment of locomotives with spark-arresters and making communication of fire *prima facie* evidence of negligence, see 62 Am. St. 171.