## BACHUS, ADMINISTRATRIX *v*. RONNEBAUM.

[No. 14,576. Filed July 1, 1933. Rehearing denied September 28, 1933. Transfer denied May 1, 1934.]

*Andrew W. Kops, Robert E. Noelker, Thomas W. Davidson,* and *Michael F. Bohland,* for appellant.

*Tremain & Turner, Wiles, Springer & Roots,* and *Milford P. Hubbard,* for appellee.

WOOD, P. J.—Appellant, as administratrix of the estate of Eleanora Bachus, deceased, brought suit against the appellee to recover damages sustained as the result of the death of her decedent, alleged to have been caused by the negligent driving and operation of an automobile by the appellee at the intersection of Main and Catherine Streets, in the town of Batesville, Indiana, on the evening of December 6, 1929, as said decedent was in the act of walking from the east to the west side of Main Street.

The issues consisted of a second amended complaint in two paragraphs, to which an answer in general denial was filed. Upon these issues the cause was submitted to a jury for trial, resulting in a verdict for the appellee. Appellant filed a motion for a new trial, alleging as causes therefor, that the verdict of the jury was not sustained by sufficient evidence, and the giving by the court of its own motion of each of its instructions numbered 1 to 27, inclusive. This motion was overruled and judgment was rendered on the verdict for appellee. Appellant appeals to this court. The only error properly assigned and

demanding our consideration is the action of the court in overruling appellant's motion for a new trial.

The only causes for a new trial argued by counsel for appellant in their brief and in oral argument and urged as reasons for a reversal of this cause were the giving of instructions numbered 11 and 12 by the court of its own motion. The questions for consideration being thus limited we do not think it necessary to set out a resume of the pleadings or the evidence.

Instruction number 11, of which complaint is made, reads as follows: "If you find, however, from the evidence, that said plaintiff's decedent, Eleanora Bachus, came out into said highway unexpectedly and without looking; and, without ordinary care upon her part, came immediately into the path of the automobile driven by the defendant, and without due care on her part to learn of the approach of said car, then the plaintiff herein cannot recover."

It is insisted on behalf of appellants that there was no evidence introduced on the trial of the cause which justified the giving of this instruction; that the instruction did not limit the deliberation of the jury to the consideration of such negligence on behalf of the decedent as contributed proximately to the injuries causing her death; that it declared that the decedent was guilty of contributory negligence as a matter of law, if the jury found certain facts from the evidence.

After a thorough and diligent search of all the evidence introduced upon the trial of this cause we are unable to find any evidence to which this instruction as worded was applicable. All the witnesses who testified upon the subject agreed, and all facts and circumstances indicated that at the time of the impact of the decedent's body with appellee's automobile, she was at least in the center of the street walking west in the lane prescribed for pedestrians in crossing from one side of the street to

the other. There is no evidence in the record that in any way indicated or would justify the inference that the decedent came out into the highway unexpectedly and without looking. Unexpectedly is the adverb of unexpected, which means "not expected; coming without warning; sudden;" Webster's New International Dictionary. The evidence is undisputed as to the location of the decedent, she did not come to the location without warning. What warning a pedestrian in the act of crossing a street can or should give to a motorist driving on the street, other than the presence of the pedestrian in the street has not been suggested to the court. In fact the presence of the pedestrian in the street is a warning. It cannot be said from the evidence in the record that the decedent came into the street suddenly, or that she was in a place where appellee had no reason to expect her. The evidence shows without dispute that at the time of the impact she was at a location where a pedestrian would be expected to be when crossing Main Street at this intersection.

It is a well settled rule that the instructions to the jury should be within the issues and applicable to the evidence, and when instructions violating this rule are given the cause should be reversed unless it appears from the record that they were harmless. *Pelly* v. *Willis* (1895), 141 Ind. 688, 41 N. E. 354; *Indiana, etc., Co.* v. *Maurer* (1902), 160 Ind. 25, 66 N. E. 156; *Baltimore, etc., Co.* v. *Peck* (1912), 53 Ind. App. 281, 101 N. E. 674; *Hatton* v. *Hodell, etc., Co.* (1919), 72 Ind. App. 357, 125 N. E. 797. This instruction we think had the effect of misleading the jury, was harmful to appellant, and therefore erroneous.

Having reached this conclusion it is not necessary that we discuss the other defects which the appellant contends are embraced in this instruction.

Neither is it necessary that we discuss instruction

number 12, of which appellant makes complaint, for errors, if any, which may exist therein will undoubtedly not again occur upon a retrial of this cause.

Because of the error heretofore pointed out, this cause is reversed with instructions to the trial court to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.