NORTHERN INDIANA PUBLIC SERVICE COMPANY
*v.* SCHERENBERG.

[No. 15,831. Filed May 9, 1938.]

*Miller, Mullen & Kreuger,* for appellant.

*Kelly & Ryan, Robert H. Moore* and *Roswell B. Johnson,* for appellee.

DUDINE, P. J.—This is an appeal from a judgment against appellant for damages for alleged personal injuries sustained by appellee in an automobile collision, in which an automobile which was then and there being operated by appellee was run into by a motor truck which was then and there being driven by appellant's employee.

The issues were formed by a complaint in one paragraph and an answer in general denial. The cause was submitted to a jury, and the jury returned a verdict for the plaintiff and fixed her damages at $2,000.00. Judgment was rendered in accordance with the verdict. Appellant filed a motion for new trial, which was overruled, and that action of the court is the sole error assigned upon appeal.

The causes for new trial which are properly set up in the motion therefor and discussed in appellant's brief are: (1) the verdict is not sustained by sufficient evi-

dence; (2) the verdict is contrary to law; (3) alleged error in refusing to give each of several instructions tendered by appellant; (4) alleged error in giving each of several instructions; (5) causes for new trial based on alleged misconduct of counsel for appellee.

We have considered all the points presented by appellant's brief in support of the contentions that the verdict is contrary to law, and we hold that none of said points are tenable. The verdict is not contrary to law, and the evidence is not insufficient to sustain the verdict, for any of the reasons set forth in appellant's brief.

Appellant contends that each instruction five (5), six (6), sixteen (16), seventeen (17), and thirty (30) given by the court were improper because by their terms they did not confine the jury, in its consideration of the subject of negligence of the defendant, to the acts of negligence charged in the complaint against appellant.

"The propriety of an instruction is to be determined, not by whether it embodies a correct statement of the law upon a given state of facts, but whether it correctly states the law relevant to the issuable facts given in evidence on the trial." *Indiana Rwy. Co.* v. *Maurer* (1903), 160 Ind. 25, 31, 66 N. E. 156, followed in *H. H. Woodsmall Co.* v. *Steele* (1924), 82 Ind. App. 58, 144 N. E. 620.

It is a well settled rule that instructions to the jury should be within the issues and applicable to the evidence and when instructions violating this rule are given the judgment should be reversed unless it appears from the record that they are harmless. *Bachus, Admr.* v. *Ronnebaum* (1934), 98 Ind. App. 603, 186 N. E. 386. Citing *Indiana Rwy. Co.* v. *Maurer, supra,* and other authorities.

With said rules in mind we proceed to discuss the

question whether or not the giving of any of said instructions constituted reversible error.

The complaint alleged that appellee was driving her automobile eastward on Tenth Street, in Michigan City, Indiana, that she stopped her automobile before entering upon the intersection of said Tenth Street with Washington Street in said city, and then proceeded to cross said intersection at a speed of approximately eight miles per hour; (then follows the charge of negligence upon the part of appellant, which charge is as follows):

"... that one of defendant's trucks was being driven by an employee and agent of said defendant in defendant's business and said driver of said truck did then and there carelessly and negligently drive said truck at a high and dangerous rate of speed, to-wit: forty miles per hour and did then and there approach said intersection at aforesaid high and dangerous rate of speed knowing that plaintiff was about to cross said intersection aforesaid and did carelessly and negligently at the high and dangerous rate of speed aforesaid drive said automobile truck over and upon the Ford automobile in which plaintiff was riding as aforesaid, and did then and there strike the car in which plaintiff was riding as aforesaid with great force upsetting said car and seriously, painfully and permanently injuring plaintiff in this ..."

It is our opinion that the complaint charges but one act of negligence, to wit, "speeding."

Instruction number five (5) was as follows: "The gist of this action is alleged negligence on the part of the defendant, and the material elements thereof which are essential to a recovery by the plaintiff are: First, that the defendant must have been guilty of the negligence of *some one or more* of the acts thereof charged in the plaintiff's complaint. . . ." (Our italics.)

The court by that instruction in effect told the jury

that the complaint charges more than one act of negli-
gence against appellant in the complaint.

In instruction six (6) the court in effect told the
jury *twice* that more than one act of negligence on the
part of appellant was within the issues.

Instruction number sixteen (16) was as follows:

"In determining whether the defendant is or is
not chargeable with negligence, if you believe from
the evidence that the defendant's employee, while
driving the defendant's motor truck at the time
and place in controversy, did all that a reasonably
careful and prudent person would have done under
the same or like circumstances, then it will be your
duty to find that the defendant was not negligent;
but if you find that the driver of defendant's truck,
at the time and place in contraversy, did not do *all
that a reasonably careful prudent person would
have done to avoid injury,* then you should find that
the defendant was negligent." (Our italics.)

That instruction certainly did not limit the right to
recover to a recovery for speeding, which is the only
act of negligence alleged in the complaint; on the con-
trary it authorized recovery if negligence of any kind on
the part of appellant's employee while driving said
motor truck at the time of the collision was proven.

Instruction thirty (30) is similar in effect to instruc-
tion sixteen (16). What we have said with reference to
the latter instruction is applicable to the former.

Appellee contends that the instructions, when con-
sidered as a whole, particularly instruction thirteen
(13), limit the right of recovery to recovery for
acts of negligence alleged in the complaint. In-
struction thirteen (13) is as follows:

"I instruct you, gentlemen of the jury, that in
determining whether or not the defendant was neg-
ligent, you are limited to a consideration of those
acts alone that are alleged by the plaintiff in her
complaint to have been negligent. It is not what
she proves without allegation in the complaint as a
basis therefor, if any, but what she both alleges and

proves by a fair preponderance of the evidence that determines the question of said defendant's negligence."

That instruction does properly limit the right of recovery, but the record does not show whether the jury limited its consideration to the act of negligence alleged in the complaint as required by instruction thirteen (13), or whether it considered other acts of negligence, as the court authorized them to do in instructions sixteen (16) and thirty (30).

Instruction thirteen (13) is not consistent with instructions sixteen (16) and thirty (30), and giving said inconsistent instructions certainly tended to confuse the jury as to what acts of negligence they were authorized to consider. Clearly that question is material and pertinent to the verdict in cases of this kind. Instructions sixteen (16) and thirty (30) certainly are misleading as to such question.

The record in this case does not show that this cause was fairly tried and a correct result reached in spite of said instructions five (5), six (6), sixteen (16) and thirty (30).

We hold that said instructions were erroneous and harmful to appellant.

Having reached that conclusion as to said instructions, it is not necessary that we discuss appellant's points and authorities in support of the other assigned causes for new trial because the errors, if any, which are shown in said other points and authorities are not likely to occur again upon a re-trial of this cause.

As authorities generally supporting the conclusion reached, see *Bachus, Admr.* v. *Ronnebaum, supra; Indiana Rwy. Co.* v. *Maurer, supra; Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238; *Baltimore,*

*etc., R. Co.* v. *Peck* (1913), 53 Ind. App. 281, 101 N. E. 674.

Judgment reversed with instructions that appellant's motion for new trial be granted.

Curtis, J., not participating.