## CHESAPEAKE & O. RY. *v.* BOSTON

[No. 17,612. Filed October 30, 1947. Rehearing denied December 4, 1947. Transfer granted January 7, 1948.[1]]

[1] For action by the Supreme Court of Indiana, Cause No. 28405, see 226 Ind. ___, 82 N. E. 2d 249.

528

*Warner, Clark, & Warner,* all of Muncie, and *Albert H. Cole,* of Peru, attorneys for appellant.

*George P. Ryan, R. Stanley Lawton, Clarence E. Benadum,* all of Muncie, and *Ross, McCord, Ice & Miller* (of counsel), attorneys for appellee.

HAMILTON, J.—This is an action by appellee against appellant to recover damages alleged to have been caused by the negligent acts of appellant in backing a cut of railway cars across Brady Street in the city of Muncie, Indiana. The accident occurred at about 9:30 p.m. on November 8, 1940.

A directed verdict for appellant upon a former trial was reversed by the Supreme Court (223 Ind. 425, 61 N. E. 2d 326), and the cause was retried on an amended complaint in accordance with the views expressed by the Supreme Court. The appellee recovered a judgment for $5000 and, upon the overruling of appellant's motion for a new trial, this appeal followed.

The sole error assigned is the overruling of the motion for a new trial, which assigned as reasons therefor: 1. That the verdict is not sustained by sufficient evidence; 2. That the verdict is contrary to law; 3. That the damages are excessive; 4. That the court erred in giving plaintiff's instructions Nos. 1, 2, 4, 5, 6, and 7; 5. That the court erred in giving instruction No. 14 upon the court's own motion; and 6. That the court erred in refusing to give instruction No. 26 requested by appellant.

We have examined the record in the former appeal and find that appellee's evidence, and the evidence most favorable to the appellee in the instant case is

the same or substantially the same as on the first trial and that any additional evidence is merely cumulative.

In the former appeal the Supreme Court said: "Considering the evidence most favorable to the appellant and the inferences that may be drawn therefrom, we are forced to conclude that there was some evidence of negligence and of physical injury; that there was some evidence of shock and fright contemporaneous with and growing out of the physical injury as the natural and direct result thereof. Under such circumstances, the case should have been submitted to the jury for its determination." *Boston* v. *Chesapeake & O. Ry. Co.* (1945), 223 Ind. 425, 431 and 432, 61 N. E. 2d 326.

We are unable to find anything in the instant record that would justify us in reaching a conclusion different from that reached by the Supreme Court upon the former appeal and therefore we hold that the decision of the Supreme Court as to the sufficiency of the evidence to sustain the verdict is the law of the case upon this appeal. *Automobile Underwriters, Inc.* v. *Rich* (1946), 116 Ind. App. 511, 514, 64 N. E. 2d 305; *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089; *Riesbeck Drug Co.* v. *Wray, Admx.* (1941), 111 Ind. App. 467, 39 N. E. 2d 776.

There is ample evidence to sustain the damages assessed by the jury. Aside from the physical injuries and mental shock and fright contemporaneous with and growing out of the physical injury as the natural and direct result thereof, there is evidence in the record to the effect that appellee actually lost $3,825 in wages because of hours he was unable to work due to his physical condition after the accident, besides a cash outlay for hospital and doctor bills and other expenses in excess of $464.

We have examined instructions Nos. 1, 2, 4, 6 and 7, given to the jury at appellee's request, and hold that they are not subject to the objections urged by the appellant, and therefore the court did not err in giving each of said instructions. There is no merit in appellant's objection to instruction No. 14, given upon the court's own motion.

■ Instruction No. 5, given at appellee's request, reads as follows:

"You are instructed that if a railroad crossing is especially dangerous to travelers on account of its locality or because the track is partially obscured, or by reason of such other facts and circumstances as are shown by all the evidence, the railroad company must exercise such care and take such precaution as the nature of the crossing requires, and failing in this it is guilty of negligence."

Appellant objected to this instruction for the reason that "it is entirely without the issues, there being no allegation in the complaint that the railroad crossing in question was especially dangerous to travelers on account of its locality, or because the track was partially obscured, or by reason of any other facts and circumstances." We think that appellant's objection to said instruction is well founded. There are no facts alleged in the amended complaint tending to show that the Brady Street crossing was especially dangerous to travelers on account of its locality, or that the track was partially obscured, or that a traveler's view to the east of said crossing was obscured, or any other specific facts or circumstances tending to show that the defendant was required to give more than the statutory crossing signals or do any other act to warn travelers approaching said crossing.

It is well settled that instructions to the jury should be pertinent to the issues and applicable to the evidence in the case. It is also fundamental that ▆ a plaintiff can recover only upon the complaint he makes; that is, he cannot complain of one thing and recover for another. *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 31, 66 N. E. 156. Furthermore, it has been held that the instructions should not tend to lead the jurors to believe that they may consider matters outside the evidence. *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 377, 91 N. E. 238; *Northern Ind. Public Serv. Co.* v. *Scherenberg* (1938), 105 Ind. App. 229, 231, 14 N. E. 2d 743; *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80, 91, 67 N. E. ▆ 935. Appellee contends that the instructions when considered as a whole, and particularly instruction No. 9, given by the court upon its own motion, and instruction No. 3, given at appellant's request, expressly limit the right of recovery to recovery for one of the specific acts of negligence alleged in the amended complaint, and therefore the error, if any, in instruction No. 5 was harmless. An examination of the two instructions above mentioned discloses that each of said instructions does properly and expressly limit the right of recovery to one of the acts of negligence alleged in the complaint, but there is nothing in the record to affirmatively show whether the jury limited its consideration to one of the acts of negligence alleged in the complaint as required by instruction No. 9, given upon the court's own motion, and instruction No. 3, given at appellant's request, or whether it considered other acts of negligence. Clearly instruction No. 5, *supra,* is inconsistent and contradictory with instruction No. 9, given upon the court's own motion and instruction No. 3 given at appellant's

request. The giving of inconsistent and contradictory instructions can only tend to confuse and mislead the jury, and the giving of such instructions is held to be reversible error. *Northern Ind. Public Serv. Co.* v. *Scherenberg, supra.*

The error in giving an erroneous or contradictory instruction is presumed to be prejudicial, *Chandler* v. *Kraner* (1947), 117 Ind. App. 538, 73 N. E. 2d 490, and can only be cured by a withdrawal of the erroneous or contradictory instruction. *Dorak* v. *State* (1915), 183 Ind. 622, 624, 109 N. E. 771; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 124, 88 N. E. 1073, 89 N. E. 485; *Cleveland, etc., R. Co.* v. *Case, supra; Bachus, Admx.* v. *Ronnebaum* (1934), 98 Ind. App. 603, 186 N. E. 386; *Baltimore, etc., R. Co.* v. *Peck* (1913), 53 Ind. App. 281, 101 N. E. 674.

Appellee relies upon the case of *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, to support its contention that the giving of instruction No. 5 was harmless error in view of the other instructions given, which limited the right to recover to one of the acts of negligence alleged in the complaint. We have been unable to find another Supreme Court opinion wherein this case has been cited, approved, or followed upon this point, and we believe that the effect of said opinion has been destroyed if not impliedly overruled by the later case of *Director General* v. *Nicewanner, Admx.* (1923), 193 Ind. 463 on page 471, 141 N. E. 1, wherein the court expressly held that the giving of an instruction in a negligence case which permits a recovery upon proof of a fact not within the issues constitutes reversible error; furthermore, the DeArmey case, *supra,* is not in harmony with the many de-

cisions cited, *supra*, which uniformly hold that the giving of an erroneous instruction can only be cured by its withdrawal, and is not cured by the giving of other correct instructions.

Therefore, we hold that the giving of said instruction No. 5, at appellee's request, constituted reversible error.

Appellant also assigns error in the court's refusal to give instruction No. 26, requested by appellant. In view of our conclusion that the judgment must be reversed, we do not deem it necessary to discuss this assignment for the reason that the same alleged error may not arise upon a retrial.

For error in giving instruction No. 5, requested by appellee, the judgment is reversed with directions to sustain appellant's motion for a new trial.

NOTE.—Reported in 75 N. E. 2d 194.