## BODINE *v.* JUSTICE

[No. 17,819.  Filed April 28, 1949.  Rehearing denied
June 3, 1949.  Transfer denied October 24, 1949.]

*Gambill, Dudley & Cox,* of Terre Haute; and *Mc-Faddin & McFaddin,* of Rockville, for appellant.

*Warren Buchanan,* of Rockville; and *Hansford C. Mann;* and *Mann, Stohr & Mann* (of counsel), all of Terre Haute, for appellee.

DRAPER, J.—The appellee was awarded a verdict against the appellant, on account of alleged personal injuries sustained in an automobile accident which occurred at the intersection of Locust Street and North 14th Street in the city of Terre Haute.

The complaint charged negligence in that (1) the appellant failed "to stop for the aforesaid stop sign before driving his automobile into Locust Street" and (2) that appellant "was careless and negligent in failing to keep a proper look-out for automobiles traveling ,upon said Locust Street at said time and place."

The evidence discloses the appellee driving west on Locust Street, a preferential highway, and appellant driving south on North 14th Street. One seemingly disinterested bystander who had an unobstructed opportunity to see what happened, testified the appellant stopped before entering the intersection. Another witness who was equally unconcerned about the outcome of the case, and who had an equal opportunity to see what happened, testified he did not stop. The evidence was also conflicting as to speeds, the application of brakes, and the degree of attentiveness exhibited by the respective drivers. In short, each circumstance which, singly or in combination, might have produced the collision, was disputed.

The court gave an instruction tendered by the appellee which reads as follows:

"If you find from a preponderance of the evidence in this case that the defendant, Mont E. Bodine, failed to use reasonable and ordinary care *to control his motor vehicle* at the time and place of the alleged collision so as to avoid running into the plaintiff's motor vehicle and that by his said failure to use reasonable and ordinary care *to control his said motor vehicle* a collision occurred between the defendant's, Mont E. Bodine's motor vehicle and the motor vehicle in which the plaintiff was riding and driving, then you would be justified in finding the defendant, Mont E. Bodine, guilty of negligence in this case." (our emphasis)

The appellant objected to the instruction for the reason, among others, that:

"This instruction is erroneous in that it embraces certain elements of negligence that are without the issues in this case. The sole charges of negligence against the defendant set forth in plaintiff's complaint are that the defendant was careless and negligent by failing to stop for a certain stop-sign before driving his automobile into Locust Street, and was careless and negligent in failing to keep a proper look-out for automobiles traveling upon the concerned Locust Street. This instruction relates to the control by the defendant of his motor vehicle, and does not relate to the charges of negligence set forth in the plaintiff's complaint."

The complaint did not charge the appellant with a *failure to control* his automobile. It charged him only with running a stop-sign and failing to keep a look-out for other vehicles. The doctrine that instructions to the jury must be confined to the issues *made by the pleadings* is firmly embedded in the law of this state. Instructions must correctly state the law relevant to the *issuable* facts in evi-

dence. As said by our Supreme Court in *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156, "Instructions to the jury must be confined to the issues. It is *fundamental* that a plaintiff can recover only upon the complaint he makes; that is, he can not complain of one thing, and recover for another." (our emphasis) See also *New York Central R. Co.* v. *Powell* (1943), 221 Ind. 321, 47 N. E. 2d 615; *Chesapeake & O. Ry. Co.* v. *Boston* (1947), 118 Ind. App. 526, 75 N. E. 2d 194; *Fields* v. *Hahn* (1945), 115 Ind. App. 365, 57 N. E. 2d 955; *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941; *Shirk et al.* v. *Mitchell et al.* (1894), 137 Ind. 185, 36 N. E. 850; *Pittman-Rice Coal Co.* v. *Hansen* (1947), 117 Ind. App. 508, 72 N. E. 2d 364; *Director General* v. *Nicewanner, Admx.* (1923), 193 Ind. 463, 141 N. E. 1; *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80, 67 N. E. 935; *Northern Ind. Public Serv. Co.* v. *Scherenberg* (1938), 105 Ind. App. 229, 14 N. E. 2d 743; *H. H. Woodsmall & Co.* v. *Steele* (1924), 82 Ind. App. 58, 141 N. E. 246, 144 N. E. 620; *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337, 64 N. E. 680. There are others too numerous to mention.

It is true the court also instructed the jury that the plaintiff must recover, if at all, upon the allegations of his complaint; and that the plaintiff must prove one or more of the acts of negligence charged in his complaint before he could recover. These instructions were hopelessly at odds with the instruction under consideration. The giving of these contradictory instructions would necessarily be confusing to the jury and leave them in doubt as to the law. Such a situation presents reversible error. *Fowler* v. *Wallace* (1892), 131 Ind. 347, 31 N. E. 53; *Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 54 N. E. 2d 108; *Adkins* v. *Ropp* (1938), 105 Ind. App. 331, 14 N. E. 2d 727; *Wenning et al.* v.

*Teeple et al.* (1896), 144 Ind. 189, 41 N. E. 600; *Cleveland, etc., R. Co.* v. *Snow* (1906), 37 Ind. App. 646, 74 N. E. 908; *Indianapolis Traction, etc., Co.* v. *Henby* (1912), 178 Ind. 239, 97 N. E. 313; *Pittsburgh, etc. R. Co.* v. *Boughton* (1924), 81 Ind. App. 129, 142 N. E. 869.

We find no instruction tendered by the appellant which could be said to have invited the error above pointed out, and so the judgment must be reversed.

Questions raised regarding other instructions are not likely to arise on a re-trial of the cause.

Judgment reversed and cause remanded with instruction to sustain appellant's motion for new trial.

NOTE.—Reported in 85 N. E. 2d 504.