## SUSAN R. WHITMAN vs. JOSEPH H. FISHER.

### Androscoggin.    Opinion April 25, 1904.

*Way*, duty of travelers in same carriage to avoid danger.  *Negligence*, contributory.

A person who is riding with another in the same carriage, and who has an opportunity to observe and give notice of dangers that may be avoided, is not in law relieved of all care because of the fact that the other is the one that is driving, although he may not be held to the same degree of responsibility as the driver.

It is the duty of the passenger, when he has opportunity to do so, as well as of the driver, to learn of danger and avoid it if practicable.

In an action on the case by the plaintiff to recover for bodily injuries, sustained by reason of the overturning of the one-horse open wagon in which she was traveling with the husband who was driving, it appeared that the wagon struck a pile of dirt in the highway which the defendant caused to be placed there; also that the other facts in this case are the same as those in the case of *Whitman* v. *City of Lewiston*, 97 Maine, 519.

*Held;* that independently of the question of the plaintiff's reponsibility for the husband's want of care, the plaintiff herself was negligent and her negligence contributed to the injury.

*Also;* that this inference from the undisputed facts is so irresistible that a verdict to the contrary cannot be allowed to stand.

The plaintiff was riding in the same carriage with her husband in the evening; he was driving, but they were both upon the same seat of a single-seated wagon. It was an extremely bright moonlight night without a cloud in the sky to obscure the moonlight; there was practically no more difficulty in avoiding the obstruction in the street than there would have been in the daylight; the horse that was being driven was wholly blind and had to be entirely guided by the driver; upon this account great care was required whether driving in the daytime or nighttime, because no reliance whatever could be placed upon the horse; the plaintiff had practically as good an opportunity of observing obstructions in the road as did her husband; she was aware of the fact that the horse was totally blind, and knew that upon this account great care was necessary to avoid obstacles of all kinds. *It is considered by the court*, that if either of the occupants of the carriage had been exercising the degree of care that the situation demanded, the obstruction complained of would have been seen and could easily have been avoided by simply turning slightly aside in a broad street. The accident would not have happened if the horse had not been blind, or

if either of the occupants of the carriage had been watchful of the street ahead in the direction that the horse was going. *Held;* that the verdict be set aside.

See *Whitman* v. *City of Lewiston*, 97 Maine, 519.

On motion and exceptions by defendant. Motion sustained and new trial granted.

Action on the case to recover damages for injuries received by reason of an obstruction in the highway on Main Street, in the City of Lewiston.

The obstruction and accident are the same which formed the basis of the action in *Whitman* v. *Lewiston*, 97 Maine, 519. The verdict for the plaintiff in that case was set aside by the law court on the defendant's motion as being against the law and evidence.

This action was subseqently brought against the defendant Fisher, abutting owner, who was alleged to have caused the obstruction.

The obstruction was a pile of dirt from two and a half to three and a half feet high at its highest point and extending from the outer edge of the sidewalk into the street some eight or ten feet. It was barricaded on three sides by planks resting on barrels, the fourth side being the outer edge of the sidewalk. Other facts appear in the opinion. The jury rendered a verdict of $500 for the plaintiff.

The decision of the defendant's motion for a new trial by law court renders a statement of the exceptions unnecessary.

*Tascus Atwood*, for plaintiff.

*Ralph W. Crockett*, for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J. The facts in this case are the same as those in the case of *Whitman* v. *City of Lewiston*, 97 Maine, 519.

That action by the same plaintiff against the city, was to recover for injuries claimed to have been sustained by her on account of an alleged defective condition of the highway. The court decided that a verdict for the plaintiff could not be sustained, because it appeared clear to the court that the negligence of the plaintiff's husband, who was driving, contributed to the injury, and in a statutory action of

that kind a plaintiff cannot recover if any efficient cause, for which neither the plaintiff nor the municipality is responsible, contributes to produce the injury. In this case the plaintiff seeks to recover for the same accident against the person who caused the obstruction to be placed in the street; this is consequently a common law action to recover for injuries caused by the alleged negligence of the defendant. The trial resulted in a verdict for the plaintiff, and the case comes to the law court upon the defendant's exceptions and motion for a new trial.

The defendant contends that the plaintiff ought not to be allowed to recover because the negligence of her husband, who was driving the horse, is imputable to the plaintiff, and because the plaintiff was herself negligent. The defense of imputable negligence is more especially raised by exceptions to the refusal of the presiding justice to give certain requested instructions to the effect that the negligence of the driver of the horse and vehicle was attributable to her.

The doctrine of imputable negligence, as announced in the case of *Thorogood* v. *Bryan,* 8 C. B. 115, which for a while prevailed in many of the courts of this country, was expressly rejected by this court in *State* v. *Boston & Maine R. R.,* 80 Maine, 430, and is contrary to the great weight of authority at the present time, at least, in this country as well as in England, where the doctrine was first promulgated. Although the negligence of one person may be properly imputable to another under some circumstances, as where both are jointly and mutually assuming the responsibility of care in the particular situation, it does not by any means necessarily follow that a wife who is riding with her husband, and who is herself in the exercise of reasonable care, is legally responsible for the negligence of her husband as to acts over which she has no control.

But in the present case, independently of this question of the plaintiff's responsibility for the husband's want of care, we think that she was herself negligent and that her negligence also contributed to the injury, and that this inference from the undisputed facts is so irresistible that a verdict to the contrary cannot be allowed to stand.

A person who is accompanying another upon a drive, and who

has an opportunity to observe and give notice of dangers that may be avoided, is not in law relieved of all care because of the fact that the other is the one that is driving, although he may not be held to the same degree of responsibility as the driver.

"It is the duty of the passenger, when he has the opportunity to do so, as well as of the driver, to learn of danger, and avoid it if practicable," as said by this court in *Smith* v. *Maine Central Railroad Company*, 87 Maine, 339, citing *Brickell* v. *N. Y. Central and Hudson River R. R. Co.*, 120 N. Y. 290, 17 Am. St. Rep. 648. See also *Dean* v. *Pennsylvania Railroad Company*, 129 Pa. St. 514, 15 Am. St. Rep. 733, 6 L. R. A. 143; *Hoag* v. *N. Y. Cent. and H. R. R. Co.*, 111 N. Y. 199.

In this case, the plaintiff was driving with her husband in the evening; he was driving, but they were both upon the same seat of a single-seated wagon. It was an extremely bright moonlight night without a cloud in the sky to obscure the moonlight; there was practically no more difficulty in avoiding the obstruction in the street than there would have been in the daylight; the horse that was being driven was wholly blind and had to be entirely guided by the driver; upon this account great care was required whether driving in the daytime or nighttime, because no reliance whatever could be placed upon the horse; the plaintiff had practically as good an opportunity of observing obstructions in the road as did her husband; she was aware of the fact that the horse was totally blind, and knew that upon this account great care was necessary to avoid obstacles of all kinds.

We are satisfied that if either of the occupants of the carriage had been exercising the degree of care that the situation demanded, the obstruction complained of would have been seen and could easily have been avoided by simply turning slightly aside in a broad street. The accident would not have happened if the horse had not been blind, or if either of the occupants of the carriage had been watchful of the street ahead in the direction that the horse was going.

For these reasons we are satisfied that the verdict should not be allowed to stand. The entry will accordingly be,

*Motion sustained.   New trial granted.*