## CAUGHELL *v.* INDIANAPOLIS TRACTION AND TERMINAL COMPANY.

[No. 7,525. Filed March 27, 1912.]

1. CARRIERS.—*Carriers of Passengers.—Alighting from Street Car. —Duty of Employe.—Instruction.*—Employes of street railways must use the highest degree of care to see and know that no passenger is alighting from a car before putting it in motion, but are not required absolutely to see and know, and the trial court committed no error in refusing an instruction, in an action for personal injuries sustained while alighting from a street car, which told the jury that the law requires the employes of street railways to do more than stop reasonably long enough for passengers

to alight safely, that they are bound to ascertain and know that no passenger is in the act of alighting before putting the car in motion again.  p. 7.

2.  CARRIERS.—*Carriers of Passengers.*—*Starting Car.*—*Duty of Conductor.*—*Instruction.*—The duty of a conductor who stops his car for passengers to alight is two-fold—he must wait a reasonable length of time for the passengers to alight, and then he must exercise the highest degree of care consistent with the proper transaction of the business to see and know that no passenger is in the act of alighting before putting the car in motion, and an instruction is improper which is based on the assumption that when the conductor had waited a reasonable length of time the defendant was not liable unless the conductor actually saw plaintiff attempting to alight when he started the car, regardless of whether he was exercising the proper degree of care to see and know that no one was alighting at that time.  p. 8.

3.  APPEAL.—*Tendering Proper Instruction.*—*Waiver.*—Where plaintiff tendered on a branch of the case an instruction at the time fully supported by authority, but later superseded by the decision of the Supreme Court, and the court refused to give to the jury the instruction tendered, but gave one which, though not a positive misstatement of the law, did not fully cover the issue covered by the instruction tendered and refused, the plaintiff by his failure to tender other instructions on the same branch of the case should not be held to have waived the right to an instruction fully covering said branch.  p. 9.

4.  TRIAL.—*Issues.*—*Instructions.*—In an action for damages for injuries sustained while alighting from a street car, an instruction giving undue prominence to issues about which there was no dispute and directing the attention of the jury specially to them, without mention of the one most material to the case, must be held to have misled the jury in the absence of an instruction on said omitted issue.  p. 10.

From Superior Court of Marion County (77,138) ; *Pliny W. Bartholomew,* Judge.

Action by Flora J. Caughell against the Indianapolis Traction and Terminal Company.  From a judgment for defendant, plaintiff appeals. *Reversed.*

*James & Martin, D. J. Hefron,* for appellant.

*F. Winter, W. H. Latta,* for appellee.

IBACH, P. J.—Appellant sued appellee for personal injuries alleged to have been caused by appellee's conductor

negligently starting a street-car on which she was a passenger, while she was in the act of alighting therefrom, thus throwing her to the street and severely injuring her. Trial by jury resulted in a verdict for appellee. Appellant's evidence tended to support the theory of her complaint, that of appellee tended to show that appellant jumped off after the car started.

The only errors argued are that the court erred in refusing to give to the jury instruction one, requested by appellant, and in giving instructions seven and nine on its own motion.

Instruction one is as follows: "The court instructs the jury that the law requires the employes of street railways to do more than to stop reasonably long enough for passengers safely to alight from cars. They are bound and required to ascertain and to know that no passenger is in the act of alighting from the car before putting it in motion again. If the employe fails in that respect, then such failure is imputed to his employer, and is actionable negligence on the part of the employer, and it is no excuse for the employe or his employer to show that the car on the particular occasion was operated in the usual manner."

This instruction would be justified on the authority of *Anderson* v. *Citizens St. R. Co.* (1895), 12 Ind. App. 194; *Crump* v. *Davis* (1904), 33 Ind. App. 88, and *Union Traction Co.* v. *Siceloff* (1905), 34 Ind. App. 511. But in the case of *Louisville, etc., Traction Co.* v. *Korbe* (1911), 175 Ind. 450, the Supreme Court of this State disapproved such an instruction, on the ground that employes of street railway companies must use the highest degree of care to see and to know that no passenger is alighting from a car before putting it in motion, but are not required absolutely to see and to know. The Appellate Court cases before cited have been superseded by this decision. No error was committed by the trial court in refusing to give instruction one.

8    APPELLATE COURT OF INDIANA,

Caughell v. Indianapolis Traction, etc., Co.—50 Ind. App. 5.

By instruction seven, the court told the jury that if plaintiff, a passenger on defendant's car, who had paid her fare, had given signals to stop said car at Twenty-third street, and the car was stopped for the purpose of allowing her to alight at said place, then "under the law, it was the duty of the conductor and the motorman of said car to allow plaintiff sufficient time safely to alight upon the street and at said crossing, and if you find that while said car was standing still, and the plaintiff was in the act of leaving said car, and in plain view of the conductor of the defendant, in control of said car, said conductor gave the starting signal," and the car was started, and by reason of the starting of the car plaintiff was thrown to the street and injured, and defendant was guilty of negligence in starting the car, and plaintiff's negligence did not contribute thereto, then the starting of the car would be the proximate cause of her injury, and the verdict should be for her.

This was the only instruction given embracing the theory of plaintiff's action, and it did not adequately state the duty of appellee's conductor toward appellant. The duty of the conductor of a street-car, who stops his car for passengers to alight, is two-fold; he must wait a reasonable length of time for the passengers to alight, and then he must exercise the highest degree of care consistent with the proper transaction of the business to see and to know, before putting the car in motion, that no passenger is in the act of alighting. *Louisville, etc., Traction Co.* v. *Korbe, supra,* and cases cited; *Indiana Union Traction Co.* v. *Keiter* (1911), 175 Ind. 268; *Citizens St. R. Co.* v. *Hoffbauer* (1900), 23 Ind. App. 614, 627. In the present case, the conductor's duty to use the highest degree of care towards appellant, a passenger, was not completed when he had waited what he regarded a sufficient length of time for her to alight. After the conductor waited a reasonable length of time for appellant to alight, appellee would be liable for

appellant's injury caused by starting the car, not only if she was in the act of alighting in plain view of the conductor, but also if she was in the act of alighting, and the conductor, in the use of the highest degree of care, could have seen her. Instruction seven is based on the assumption that when the conductor had waited a reasonable length of time, appellee was not liable unless the conductor actually saw when he started the car, that appellant was attempting to alight, whether or not he was exercising the proper degree of care to see and know that no one was alighting at that time. Appellant's contention was that the conductor could have seen her attempting to alight from the car at the time he started it, if he had been in the exercise of due care, and not that he actually saw her. The issue ignored by instruction seven, as to whether the conductor was in the exercise of due care to see that no passengers were attempting to alight when he started the car, is the one issue most material to appellant's case, and the jury should have been instructed thereon. Appellee

3. claims that instruction seven is not a positive misstatement of the law, but does state facts on which appellant could have recovered, and that if it did not go far enough in one direction to conform to the views of counsel for appellant, they should have presented a correct instruction which did. This is a well-recognized rule, founded on the doctrine of waiver, and we do not wish to be understood as relaxing that rule, but here we find a case marked with peculiar circumstances. Counsel for appellant presented on this issue instruction one, at that time fully supported by authority, though superseded since the trial. Since the court refused this instruction, which expressed the law as it had been declared by this court up to the time of the trial of this case, counsel should be excused from tendering other instructions on the same branch of the case, and should not be held to have waived the right to instruction on the omitted branch of the case.

Instruction seven gave undue prominence to the questions whether the conductor waited what he regarded a sufficient time for passengers to alight before starting the car, and whether he actually saw appellant attempting to alight when he started said car. Both these issues were less material in the present case than the question whether he was exercising the highest degree of care to see and to know that no one was in the act of alighting before starting the car. There is no evidence that he actually saw appellant attempting to alight, but there is testimony to the effect that she was attempting to alight at the time the car was started, and that the conductor, in the use of due care, could have seen her. In the absence of an instruction on this issue instruction seven, which singled out other issues, about which there was no dispute, and directed the attention of the jury specially to them, without mention of the one most material to the case, must be held to have misled the jury, for it may well have believed that the facts therein stated were the only ones on which appellant could recover.

We have read the evidence, and while we cannot say that there is no evidence which would tend to support a verdict for appellee had the jury been properly instructed, yet, taking into consideration all the instructions given to the jury, and all the evidence in the case, we feel that substantial justice was not done, and that the interests of justice will be best subserved by granting a new trial.

Judgment reversed, and cause remanded for new trial.

NOTE.—Reported in 97 N. E. 1028. See, also, under (1, 2) 6 Cyc. 615; as to the duty and liability of street car companies to passengers, see 118 Am. St. 461; for the measure of diligence required towards passenger on street railways generally, see 4 L. R. A. (N. S.) 122; on the question of the duty of a street-car conductor to see that passenger is off before starting the car, see 11 L. R. A. (N. S.) 140; as to the liability of a street car company for injury to alighting passenger by starting of car on signal of fellow passenger, see 27 L. R. A. (N. S.) 764; on the question of time allowed passenger to alight, see 4 L. R. A. (N. S.) 140; (3) 38 Cyc. 1718; (4) 38 Cyc. 1674.