## OHIO ELECTRIC COMPANY *v.* EVANS.

[No. 11,020.   Filed March 9, 1922.]

1. RAILROADS.—*Interurban.*—*Crossing Accidents.*—*Negligence.*— *Failure to Maintain Signal Device.*—In an action against an interurban railroad company for injuries sustained in a crossing accident, allegations in the complaint that it was defendant's duty to install and maintain a signal device to warn travelers on the highway of the approach of cars, *held* insufficient to charge the defendant with negligence, in the absence of any showing that defendant was under a duty to install such device.  p. 673.

2. RAILROADS.—*Interurban.*—*Crossing Accidents.*—*Contributory Negligence.*—*Duty of Passenger in Vehicle.*—Though one riding in an automobile be simply a guest, where he has the opportunity to do so, it is no less his duty than it is the duty of the driver, when approaching a railroad crossing, to look and listen to discover an existing peril and to avoid it if practicable.  p. 674.

3. RAILROADS.—*Interurban.—Crossing Accidents.—Instructions.
—Contributory Negligence.—Duty of Passenger in Automobile.*
—In an action against an interurban railroad company for
injuries sustained by an automobile passenger in a crossing
accident, the giving of an instruction as to the duty of a
passenger to use reasonable care for his own safety, stating
that in circumstances of great and sudden peril, meddlesome
interference with the driver may be disastrous, and inaction
of a passenger is not in every case contributory negligence,
*held* not reversible error. p. 675.

4. NEGLIGENCE.—*Negligence of Automobile Driver.—Imputing
to Passenger.*—The negligence of the driver of an automobile
cannot be imputed to an occupant of the car who has no control
over its operation. p. 676.

5. RAILROADS.—*Crossing Accidents.—Contributory Negligence.—
Duty of Passenger in Automobile.*—A passenger or guest in an
automobile approaching a railroad crossing is under a duty to
exercise vigilance in his own behalf, and to warn the driver of
a train which, in the exercise of reasonable diligence, he sees
approaching. p. 676.

6. RAILROADS.—*Interurban.—Crossing Accidents.—Negligence.—
Failure to Install Warning Signal.—Instructions.*—In an action
against an interurban company for injuries sustained in a
crossing accident, instructions pertaining to defendant's duty
as to installing devices to give warning of the approach of
cars which authorized the jury to infer negligence from failure
to install such devices, without any reference to the speed at
which the car was being run or to the manner in which it was
being operated, or to the frequency with which travelers passed
over the crossing, *held* erroneous. p. 677.

7. TRIAL.—*Instructions.—Applicability.*—In an action against
an interurban railroad company for injuries sustained by an
occupant of an automobile in a crossing accident, instructions
as to defendant's duty to install warning devices at the crossing
which referred to obstructions to a view of the crossing not
mentioned in the complaint, *held* erroneous. p. 679.

8. DAMAGES.—*Personal Injuries.—Measure of Damages.*—Plain-
tiff in an action for personal injuries can only recover for
such elements as are averred in his complaint and proved.
p. 679.

9. RAILROADS.—*Interurban.—Crossing Accidents.—Negligence.—
Warning Signals.—Instructions.*—In an action against an in-
terurban railroad company for injuries sustained in a crossing
accident, the refusal of defendant's requested instruction that
there was no statutory or other law requiring defendant to
install a device to warn those using a crossing of the approach

of cars, and that there could be no recovery for failure to maintain such a device, *held* erroneous, in the absence of evidence to show that the erection and maintenance of such a device had been ordered by the board of county commissioners or the Public Service Commission.  p. 679.

10.  RAILROAD.—*Interurban.*—*Crossing Accidents.*—*Operation of Cars.*—*Speed.*—*Instructions.*—In an action against an interurban railroad company for injuries sustained in a crossing accident, defendant's requested instruction that, in the absence of statutory enactment regulating the speed of interurban cars, they may be operated at any rate of speed which best suits the company and which is consistent with the safety of passengers and commodities being transported, *held* properly refused because permitting the operation of cars without regard to the safety of persons using crossings.  p. 680.

11.  EVIDENCE.—*Opinion Evidence.*—*Competency.*—*Operation of Interurban Cars Approaching Crossing.*—In an action against an interurban railroad company for injuries sustained in a crossing accident, in which the question whether the speed of the car should have been slackened on approaching the crossing was for the jury, admission of the opinion of a witness as to whether it was proper to slacken the speed of the car involved under the circumstances, was error, as the admission of such evidence was an invasion of the province of the jury.  p. 681.

From Allen Circuit Court; *Sol. A. Wood,* Judge.

Action by Richard I. Evans against the Ohio Electric Company.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Walter Olds* and *Albert E. Thomas,* for appellant.

*O. E. Fuelber, L. H. Dunten* and *J. G. B. Jones,* for appellee.

NICHOLS, J.—This is an action by appellee against appellant to recover damages for personal injuries sustained by appellee.

The complaint avers that appellant owns a traction line operating between the town of Monroeville and the city of Fort Wayne, Indiana, upon which it operates freight and passenger cars and that it was so operating such cars on December 16, 1919.  The line of traction

runs in a general north and south direction between the towns of New Haven and Monroeville, and for a long distance parallel to a highway commonly known as the Ternet road, and is located about 110 feet west of said highway at a place known as Tillman where there is a road running from said Ternet road in a westerly direction and intersecting appellant's tracks. Tillman consists of a number of houses, store buildings and out buildings located north of said east and west road and between the Ternet road and appellant's tracks. Immediately adjacent and to the north of said east and west road there is located a house and wood shed; all of which buildings are so located as to obstruct the view of the track to the persons using said Ternet road, and said east and west road from the said Ternet road, and appellant's line of tracks, and particularly to obstruct the view of cars approaching from the north. Such condition had existed long prior to December 16, 1919, and was known to appellant, its agents and employes or should have been known to them. It was the duty of appellant to exercise reasonable care in the protection of persons using said highway crossing and said tracks and it was the particular duty of appellant to erect and construct and maintain a device such as an automatic electric gong, or some other device, for the warning of persons so using said crossing, and it was its further duty in the operation of its cars upon said track when approaching from the north, to operate them at a reasonable and careful rate of speed and by warning device on the crossing itself to give reasonable warning to persons so using said crossing and approaching it from the east. It was the duty of appellant in approaching said crossing to sound a gong, bell or whistle at a distance of not less than eighty nor more than 100 rods before reaching said crossing. On said December 16, 1919, appellee was riding as a passenger

in the automobile owned and operated by George Humphrey and about three o'clock in the afternoon said automobile was being driven on said Ternet highway and west on the highway towards the crossing at a slow and careful rate of speed. Appellant operated one of its interurban passenger cars in a southerly direction on said track at a high and dangerous rate of speed, to wit: fifty miles per hour. Appellant had theretofore failed to erect and maintain a warning device or signal at or near the crossing. In the operation of its car appellant failed to sound any warning device sufficient or adequate to warn persons from the east and west road of the approach of said car and failed and omitted to sound any gong or whistle, or any warning device when said car was not less than eighty or more than 100 rods north of the intersection. By reason of its carelessness and negligence, appellant ran its car with great force and violence and struck and ran into said automobile in which said appellee was riding as a passenger. By reason thereof, and by force of the collision, such automobile was crushed and smashed, and appellee was thrown a great distance thereby suffering and sustaining severe and permanent injuries, and demands judgment for $15,000.

There was an answer in general denial and the cause was submitted to the jury for trial which returned a verdict in favor of appellee for $1,000. After

1. motion for a new trial which was overruled, there was judgment on the verdict from which this appeal. The foregoing averments as to signal devices add nothing to the complaint as there was no duty shown to install such devices. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740.

Appellant earnestly contends that the verdict is not sustained by sufficient evidence, and that the undisputed

evidence discloses that appellant was not negligent in the operation of its car, but that appellee who was a guest of the owner and driver of the car, was negligent in not warning the driver of the danger.

The question presented is not one of imputed negligence which doctrine, so far as it relates to a driver and a passive guest, has been repudiated by the courts of this state, but is one of contributory negligence, assuming but not deciding that appellant was negligent.

In the case of *Lake Shore, etc., R. Co.* v. *Voyta* (1897), 16 Ind. App. 640, 45 N. E. 812, after stating that the doctrine of imputed negligence has been repudiated in this state the court says that though one "may be simply a guest, if he has the opportunity to do so, it is no less his duty than it is the duty of the driver when approaching a railroad crossing, to look and listen and to learn the danger and to avoid it if practicable." Other authorities to the same effect are: *Aurelius* v. *Lake Erie, etc., R. Co.* (1898), 19 Ind. App. 584, 49 N. E. 857; *City of Vincennes* v. *Thuis* (1902), 28 Ind. App. 523, 63 N. E. 315; *Miller, Admr.,* v. *Louisville, etc., R. Co.* (1891), 128 Ind. 97, 27 N. E. 339, 25 Am. St. 416; *Brickell* v. *New York, etc., R. Co.* (1890), 120 N. Y. 290, 24 N. E. 449, 17 Am. St. 648; *Hoag* v. *New York, etc., R. Co.* (1888), 111 N. Y. 199, 18 N. E. 648; *Dean* v. *Pennsylvania R. Co.* (1889), 129 Pa. 514, 18 Atl. 718, 6 L. R. A. 143, 15 Am. St. 733; *Bresee* v. *Los Angeles Traction Co.* (1906), 149 Cal. 131, 85 Pac. 152, 5 L. R. A. (N. S.) 1059; *Virginia, etc., R. Co.* v. *Skinner* (1916), 119 Va. 843, 89 S. E. 887; *Willfong* v. *Omaha, etc., R. Co.* (1902), 116 Iowa 548, 90 N. W. 358; *Bush* v. *Union Pacific R. Co.* (1901), 62 Kan. 709, 64 Pac. 624; *Missouri, etc., R. Co.* v. *Bussey* (1903), 66 Kan. 735, 71 Pac. 261; *Whitman* v. *Fisher* (1904), 98 Me. 575, 57 Atl. 895; *Allyn* v. *Boston, etc., R. Co.* (1870), 105 Mass. 77; *Illinois Central R. Co.* v. *McLeod* (1900),

78 Miss. 334, 29 South. 76, 52 L. R. A. 954, 84 Am. St. 630; *Fechley* v. *Traction Co.* (1906), 119 Mo. App. 358, 96 S. W. 421; *Read* v. *New York, etc., R. Co.* (1908), 107 N. Y. Supp. 1068; *Gorton* v. *Erie R. Co.* (1871), 45 N. Y. 660; *Keller* v. *Erie R. Co.* (1905), 183 N. Y. 67, 75 N. E. 965; *Morris* v. *Metropolitan St. R. Co.* (1901), 63 App. Div. 78, 71 N. Y. Supp. 321; *Flanagan* v. *New York, etc., R. Co.* (1902), 70 App. Div. 505, 75 N. Y. Supp. 225.

With the undisputed facts before us, and confronted as we are with the foregoing authorities, we must say that it is certainly a close question as to whether appellee was or was not guilty of contributory negligence as a matter of law. We must therefore at least be certain that the verdict of the jury in his favor was not influenced by some other prejudicial error.

We therefore proceed to the consideration of alleged errors presented with reference to instructions. Instruction No. 8 tendered by appellee and given by the court is as follows: "I further instruct you that it is the duty of a guest or passenger in an automobile to use reasonable care for his own safety; whether or not he has exercised such a degree of care is a question for you to decide. In many cases, the highest degree of caution may consist of inaction. In circumstances of great and sudden peril, meddlesome interference with the one having control either by physical act or by disturbing suggestions or needless warnings may be exceedingly disastrous in its results; while it is true that it is the duty of such guest or passenger not to submit himself and his safety solely to the prudence of the driver of the vehicle, and that he must himself use reasonable care for his own safety, nevertheless he should not in every case be held guilty of contributory negligence merely because he has done nothing."

The majority of the court hold that the giving of this instruction was not reversible error. The writer of this opinion does not concur in this view. It may be true that there are many cases where the highest caution on the part of the guest or passenger in an automobile consists in inaction, and that under circumstances of great and sudden peril, meddlesome interference with those having control by physical act, disturbing suggestions, or needless warnings may be disastrous in its results; but in the opinion of the writer there could be nothing in the undisputed facts in this case that invoked the application of such a rule when, as in this case, the driver of an automobile was, as the writer interprets the undisputed evidence, heedlessly going on to a railroad at its intersection with a country highway, directly in front of a rapidly approaching car. Assuming that the guest or passenger at his side saw the situation, nothing could justify his inaction or want of interference for the purpose of preventing the accident. While there might be circumstances under which such an instruction would apply, it certainly had no application to the undisputed facts in this case.

Instruction No. 9 tendered by appellee and given, stated to the jury, in effect, that the negligence of the driver of an automobile cannot be imputed to an occupant of a car who has no control over the operation thereof. The doctrine of imputed negligence is repudiated in this state as well as by the weight of authorities in other states, as evidenced by the authorities above cited and quoted, and as the instruction embraces no other element it was not error to give it. But, while the negligence of the driver cannot be imputed to the passenger or guest who is riding with him we must keep in mind that the law imposed upon such passenger a duty to exercise vigilance in his own behalf, and to warn the driver of the approaching cars

which, in the exercise of reasonable diligence, he sees approaching.

Appellant complains of error of the court in giving each of instructions Nos. 11, 15, 16 and 21 tendered by appellee. Each of these instructions pertains to 6. the duty of an interurban railroad company as to the giving of signals and installing warning devices and leaves it to the jury to say whether a failure to give such signal and to install such warning devices is negligence. Such series of instructions upon the question of signals and warnings closes with the following charge as contained in instruction No. 21: "The law authorizes you to infer negligence on the part of the defendant for any failure to adopt such safeguards as would have given warning although there is a statute in this state which undertakes by its provisions to secure such safeguards in the way the statute points out. The duty may exist outside of the statute to provide flagmen, automatic signals, or other adequate warnings or appliances if the situation of the crossing reasonably requires such precautions. This is based upon a general rule that the company must use its privileges of crossing highways on its surface grades with due and reasonable regard and care for the rights of other persons using the highway with proper care and caution on their part." In no part of these series of four instructions pertaining to want of signals is there any reference to the speed at which the car may be run or the manner in which it is being operated, or the frequency with which travelers are passing over the crossing. That instructions such as these were erroneous has been decided by the Supreme Court in the case of *Terre Haute, etc., Traction Co.* v. *Phillips, supra.* After quoting from an instruction of like import to the ones herein involved the court says: "It will be observed that this instruction did not refer to the speed at which

the car was run, or the manner in which it was operated, or the frequency with which travelers passed over the crossing, but authorized a finding of negligence on the part of the defendant company if there was no electric bell or watchman at the crossing and the surroundings afforded 'less than ordinary observation of an approaching car,' no matter how slowly the car was run nor what precautions were taken to give notice of its approach, by repeatedly blowing the whistle or otherwise, nor how infrequently the highway was used. This was error. The failure to provide a bell or watchman at a highway crossing in the country to warn travelers could only be actionable negligence if it violated some duty imposed by law on the railroad company. And no positive duty to install such warnings is imposed by the law of Indiana, except where an order to that effect has been made by the Public Service Commission (See, §§5261a-5261d Burns' Supp. 1918, Acts 1915 p. 105) and other proper authority."

The court further says: "At common law the fact that there was no electric bell or watchman might be shown, as a circumstance attending the operation of the car, from which to determine, in connection with the amount of travel habitually passing over the crossing and all other circumstances, whether or not the operation of the car in the manner and at the speed that it was operated was negligent. But a duty to run a car with care in view of the fact that there are no special warnings at the crossing is not the same as a duty to provide or maintain a bell or watchman no matter how the car is run. There is no duty under the common law to place a bell, watchman, or other special warning at a highway crossing in the country." This case is followed in the case of *Lake Erie, etc., R. Co.* v. *Johnson* (1922), 191 Ind. 479, 133 N. E. 732, de-

cided at this term by the Supreme Court. Numerous other authorities are cited to sustain this principle.

These instructions are also to be criticized for the reason that elements of obstructions to view are mentioned therein and which the jury are authorized to take into consideration, that were not mentioned in appellee's complaint.

Appellant contends that instruction No. 24 which pertains to the measure of damages is subject to a similar criticism in that the complaint asks for damages because of certain injuries while the instruction includes, in addition to the injuries mentioned in the complaint, other elements of damage not mentioned therein. As this alleged error does not need to occur in the event of another trial we do not discuss it further than to say that appellee can only recover for such elements as are averred in his complaint and as are proved. *Haskett* v. *Small* (1861), 16 Ind. 81; *Baltimore, etc., R. Co.* v. *Peck* (1913), 53 Ind. App. 281, 101 N. E. 674.

In view of the Supreme Court's statement as above set out to the effect that the failure to provide a signal or warning at the highway crossing in a country to warn travelers would only be actionable if it violated some duty imposed by law on the railroad company, and no positive duty to install such warning is imposed by the law of Indiana is pleaded or proven, we must hold that it was error for the court to refuse to give appellant's instruction No. 21 which stated that: "There is no statutory or other law in this state requiring the defendant to erect and construct and maintain a device or devices for the warning of persons using the crossing of the Tillman Road by the defendant's tracks, and there can be no recovery on account of not maintaining such device," it not appearing by the evidence that there had been an order by the

county commissioners or the Public Service Commission to maintain such a device.

Appellant tendered instruction No. 20 which stated that, in the absence of statutory enactment regulating the speed of railway trains or interurban cars, railway or interurban companies may run their cars at any rate of speed which shall best suit their convenience, they being engaged in the business of conveying passengers and property, and that business being regarded as of the highest importance, the safety of the train or car may be regulated with that end in view, taking into consideration the safety of their passengers and commodities transported.

It is stated in *Terre Haute, etc., Traction Co.* v. *Phillips, supra,* that the mere fact that an interurban car was run over a highway crossing in the country at any speed consistent with the safety of the passengers, however fast that might be, would not in itself, constitute negligence as affecting a traveler passing over the track at such crossing. Authorities are cited to sustain this statement of the law, but the instruction here involved comprehended more than is stated above as the rule. Appellant would have the court say that the business of transporting passengers and property is of the highest importance, in other words, that such business is more important than the safety of the general public. It cannot be said that the railroads, whether interurban or steam, can be permitted to operate their trains wholly without regard to the safety of human life. There are circumstances under which the company, notwithstanding the high duty it owes to its passengers and to the property which it transports to convey it with expedition, owes as well some duty to those who are crossing its right of way.

Appellant complains of the action of the court in refusing to give other tendered instructions but such in-

structions so refused as were correct statements of the law, were covered by other instructions.

Appellant next complains that one Greenland, appellee's witness, was permitted in answer to a question propounded to him to give an opinion as to whether or not it was proper to slack the speed of cars approaching a crossing that is obstructed so that a person approaching the crossing cannot obtain a view except at a very short distance of not more than twenty-five feet from the track. Ordinarily the law does not require a railroad company to slacken the speed of its train or car as it approaches a highway crossing and whether any such duty was incumbent upon the appellant, under the circumstances in this case, was for the jury. The question and the answer was therefore a clear invasion of the province of the jury. The question and its answer, over the objection of appellant, constituted reversible error.

For the foregoing errors the judgment is reversed with instructions to the trial court to grant a new trial.