## DAVIS *v.* DONDANVILLE

[No. 16,204. Filed April 17, 1940.]

666

*L. C. Holland,* for appellant.

*George W. Douglas,* and *Loring & Loring,* for appellee.

STEVENSON, J.—This case grew out of an automobile accident in which the appellee, Eugene Dondanville, sustained personal injuries for which he recovered a judgment in the sum of $1150.00. His complaint alleged that on August 17, 1936, he was riding as a guest in the rear seat of an automobile, which automobile was travelling southward on Buchanan Street in the city of Gary, Indiana. The

complaint further alleged that after the automobile in which the appellee was riding had entered the intersection of Buchanan Street and Fourth Avenue, the appellant "without keeping any proper lookout ahead" drove and propelled his automobile into and against the left side of the automobile in which the appellee was riding, with great force and violence. As a result of this collision the appellee was injured. To this complaint the appellant filed an answer in general denial. The cause was submitted to a jury for trial and a verdict was returned in favor of the appellee for the amount of $1150.00 for which judgment was entered. A motion for new trial challenging the sufficiency of the evidence and the correctness of certain instructions was filed and overruled and this ruling constitutes the only error relied upon for reversal in this appeal.

The appellant first contends that the evidence is insufficient to support the theory of the appellee's complaint. The facts most favorable to the appellee disclose that on the occasion in question the automobile in which the appellee was riding was traveling southward on Buchanan Street and approaching the intersection of Fourth Avenue which runs east and west in the city of Gary. Fourth Avenue at the place of intersection was approximately forty feet wide from curb to curb and is a four-lane thoroughfare. Buchanan Street at the point in question was about thirty feet in width and extended in a north and south direction. At the point of intersection automatic traffic lights were operating and a traffic policeman was also stationed there. The accident occurred about 3:50 P.M., at a time when traffic was quite heavy on Fourth Avenue. The driver of the car in which the appellee was riding, one McLaren, testified that on the occasion in ques-

tion he approached Fourth Avenue at a speed of approximately twenty-five miles per hour. That when he was within fifteen feet of the intersection, he saw the appellant's car standing on Fourth Avenue and at that point the traffic lights changed. The witness further stated that in that situation it was too late for him to stop and he had to go on through although the traffic lights were against him. He further stated that the appellant's car struck his car on the left side when he was near the center of Fourth Avenue and on the west side of Buchanan Street.

The appellant testified that he did not see the car in which the appellee was riding until he was within ten feet of it. That "it was right on top of me before I seen it." The appellant further testified that at that time he was going at the rate of five or six miles per hour and could have stopped his car in five or six feet if he had applied the brakes. There is testimony in the record to the effect that many automobiles were stopped on Fourth Avenue awaiting the change of the traffic lights at the time of the collision and that the appellant's car was the only car on Fourth Avenue which had moved into the intersection at the time of the collision. If these facts were established, then the jury might properly infer that if the appellant under such circumstances drove his car into the side of the car in which the appellee was riding, such conduct was the result of his failure to keep a proper lookout ahead. In the light of such testimony even though these facts are very much controverted by other testimony, we cannot say as a matter of law that there was no evidence tending to support the theory of the appellee's complaint.

Even though it is made to appear that the car in which the appellee was riding entered the intersec-

tion as the traffic lights were changing, or after they had actually changed against the southbound traffic, this fact alone does not relieve the appellant from the duty to exercise reasonable care in driving his automobile into the intersection. As has been frequently said by our courts:

"The mere fact that one vehicle has the right of way over another vehicle at a street or road intersection does not relieve the driver of the vehicle thus favored from the duty to exercise reasonable care to avoid collision at such intersection." *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 619, 13 N.E. (2d) 336; *Johnson* v. *Wilson, Admx.* (1936), 211 Ind. 51, 5 N.E. (2d) 533; *Blasengym* v. *General Accident, etc., Corp.* (1929), 89 Ind. App. 524, 165 N.E. 262.

Whether or not the appellant was negligent in the operation of his car on the occasion in question by failing to keep a lookout ahead for other traffic within the intersection was a question properly submitted to the jury, under the evidence offered in this case.

The appellant further complains of the refusal to give Instruction No. 6 as tendered by the appellant. This instruction was on the measure of care required of a guest riding with another in an automobile. This instruction as tendered defines such degree of care as that which "a reasonable and prudent person would exercise under same or like circumstances or conditions, taking into consideration plaintiff's knowledge of the highway, the width thereof, the weather condition, the stop and go light that regulates the traffic at the intersection of Fourth Avenue and Buchanan Street . . . . . and plaintiff's knowledge of the driver's ability as a

driver, his experience and the conditions of the car that they were operating . . . ."

The court in its instructions to the jury by Instructions Nos. 24, 25, and 26, informed the jury generally as to the duty of a passive guest to exercise care for his own safety. It is our opinion that these instructions sufficiently advised the jury of the duty resting upon the appellee and it was accordingly not error to refuse Instruction No. 6 as tendered by the appellant.

Complaint is further made of the refusal to give Instruction No. 9 as tendered by the appellant. Instruction No. 9 also dealt with the duty of a guest to exercise care for his safety. Instruction No. 9 so tendered in defining said duty said:

"He (the guest) is required to observe the highway and to see what is on said highway that could have been seen by an ordinarily prudent person; that if you find from the evidence that the stop and go lights regulating the traffic at Fourth Avenue and Buchanan Street, a public highway in the City of Gary, Indiana, were operating in such a manner as to direct the traffic and if you find it to be the fact that said lights at the time the automobile in which plaintiff was riding entered into said intersection when the red lights or caution lights were against it, and if by exercise of reasonable care the plaintiff could have seen said lights and called that fact to the attention of the drvier of the automobile in which he was riding, and he failed to do so, he is guilty of contributory negligence, and if such be the fact, your judgment should be for the defendant."

This subject was covered generally by the court's Instruction No. 25, which reads as follows:

"If you find from the evidence in this case that the traffic over Fourth Avenue and over

Buchanan Street at the intersection of said streets with each other, was controlled by what are commonly known as stop-and-go lights, at the time and place of the accident in controversy, and that an ordinance of the City of Gary regulated the operation of said lights and their meanings at said time and place, and if you further find from the evidence that the lights directing said traffic on Buchanan Street were red· or on caution in the direction in which the plaintiff was approaching in the automobile in which he was riding before said car entered said intersection, and if you further find from the evidence that the plaintiff actually knew, or by the exercise of reasonable care and diligence should have known that the driver of the car in which he was riding was not going to stop for such red or caution light before entering said intersection, in case you should find that such red· or caution light was against the driver of said automobile before he entered upon said intersection, then in such event it was the duty of the plaintiff to have warned or cautioned the driver of the car in which he was riding, about such lights, even though he was only riding in said car as a guest of the driver thereof. Likewise, it would have been the duty of the plaintiff to warn or · caution the driver of the car in which he was riding concerning any excessive or unlawful rate of speed, in the event said car was being driven immediately before and at the time of the accident in controversy at an excessive or unlawful rate of speed, provided plaintiff knew or by the exercise of reasonable care and diligence should have known of such excessive or unlawful speed, if any.''

It is apparent from a reading of this instruction that it is more favorable to the appellant than is warranted by a strictly correct statement of the law. The instruction informs the jury that it was the duty of the passenger in an automobile to warn the driver

of any danger of which the passenger had knowledge or of which he should have known by the exercise of reasonable care. Strictly speaking, the duty of a passenger to warn the driver of any known danger exists when in the exercise of reasonable care such warning could have been timely given. This rule was announced by this court in the case of *Mattes* v. *Bruggner* (1928), 88 Ind. App. 36, 44, 159 N.E. 156, in the following language:

"Of course, if appellee, in the exercise of reasonable care, should have seen the approaching car of appellant and could thereafter, in the exercise of reasonable care, have directed the attention of the driver of the truck to the approaching car in time so that the driver, in the exercise of reasonable care, could have prevented the collision, it would have been appellee's duty to have done so."

In the case at bar it was the duty of the appellee to exercise such care for his own safety as a reasonably prudent person would exercise under like circumstances. Whether the appellee exercised such care is generally a question for the jury. *Baltimore, etc., R. Co.* v. *Faubion* (1931), 92 Ind. App. 592, 170 N.E. 94.

The duty of a guest to warn the driver of a known danger arises only under such circumstances which disclose that such conduct would have been prudent. In the case at bar, the driver of the car in which the appellee was riding was fully aware of the speed of his car and the changing traffic lights. With such facts in mind, a warning from the appellee would have availed nothing and under such circumstances it was not necessary for the appellee to caution the driver. *Kelley* v. *Dickerson* (1937), 213 Ind. 624, 13 N.E. (2d) 535. Instruction No. 9 as

tendered imposed the absolute duty upon the appellee to warn the driver of the changing traffic lights and informed the jury that failure so to do would bar recovery. For the reasons above stated, we think this instruction was erroneous.

Instruction No. 9 as tendered is objectionable for another reason. It will be noted that the instruction informs the jury that failure on the part of the guest to warn the driver of the danger renders him guilty of contributory negligence and requires a verdict for the appellant. This entirely omits the question of proximate cause. Contributory negligence such as defeats recovery must have been such as proximately contributed to the injury complained of. *Baltimore, etc., R. Co.* v. *Faubion,* supra. Both instructions omit this element. However, Instruction No. 25 is not mandatory in form and is not complained of by the appellant for this omission. Since contributory negligence and its relation to the injury complained of is properly presented in other instructions given by the court, it is our opinion that the giving of Instruction No. 25 was not reversible error.

Complaint is also made of the refusal to give Instruction No. 10 tendered by the appellant which informed the jury that if the car in which the appellee was riding entered said intersection at the time the traffic lights were against the appellee, such conduct was in violation of the city ordinance and would constitute the appellee guilty of contributory negligence. This instruction so tendered is objectionable in that it imputes the negligence of the driver of the car to the passenger and omits all reference to the exercise of care on the part of the passenger. There was accordingly no error in refusing to give appellant's tendered Instruction

No. 10. Complaint is further made of Instruction No. 10 given by the court on its own motion, which instruction reads as follows:

"The court instructs you that contributory negligence is such negligence on the part of the plaintiff as helps to produce or cause the injuries complained of, and if you find from a fair preponderance of the evidence in this case that the plaintiff was guilty of any negligence that proximately helped or caused to bring about or produce the injuries complained of, then in that case, plaintiff cannot recover in this action."

The appellant contends that this instruction is erroneous in that it entirely omits the fact that the appellee might by his conduct be guilty of contributory negligence as a matter of law. We do not believe this instruction is subject to this criticism. The instruction as given is a fair statement of the meaning of the term "contributory negligence." It is not necessary that it should embody other elements. *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N.E. (2d) 712.

Complaint is also made of the refusal to sustain the appellant's motion for a directed verdict at the close of all the evidence. The record discloses that at the close of all the evidence the appellant moved the court for a directed verdict in his favor and tendered instructions for said directed verdict. The court overruled the appellant's motion for a directed verdict and this error is set forth as Item No. 7 in the appellant's motion for a new trial. The instructions tendered in support of said motion are not embodied in the record and hence no question is presented on appeal.

"It is now well settled by the decisions of our Supreme Court and this court, that in order to

present any question for review on a peremptory instruction, it must be brought into the record in the same manner as any other instruction." *Bunker* v. *Montel* (1935), 102 Ind. App. 100, 101, 1 N. E. (2d) 312; *Western and Southern Life Ins. Co.* v. *Davis, Admx.* (1937), 104 Ind. App. 397, 8 N. E. (2d) 393.

Complaint is made of the giving of other instructions but it is sufficient to say that we have read the instructions given by the court and believe that they fairly state the law as applicable to the issues formed by the pleadings and the evidence admitted in this cause. There was accordingly no error in overruling appellant's motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.