CLARK *v.* ROHR, ADMINISTRATRIX

[No. 18,300. Filed January 14, 1953.]

*Isadore E. Levine* and *Robert S. Gettinger,* both of LaPorte, for appellant.

*Paul E. Reed,* of Knox, and *Leo J. Clifford,* of Valparaiso, for appellee.

ROYSE, C. J.—Appellee brought this action against appellant for damages for the wrongful death of her decedent arising out of an automobile accident on U. S. Highway No. 35 in Starke County, at a point where that road intersects with a county highway about seven miles north of Knox, Indiana. Trial to a jury resulted in a verdict in favor of appellee for $8,000. Judgment accordingly.

The sole assignment of error here is the overruling of appellant's motion for a new trial. In view of the conclusion we have reached, it is necessary for us to consider only Subdivision (J) of Specification Four of that motion, which asserts the trial court erred in giving to the jury appellee's tendered instruction No. 4. This instruction is as follows:

"I instruct you that if you find from the evidence that the *defendant* or any person for whose acts he was legally responsible was driving the car of Charles Gaw while under the influence of intoxicating liquor constituted negligence." (Our emphasis.)

Appellant's objection to this instruction is as follows:

"The defendant objects to the giving of plaintiff's instruction No. 4, for the reason that it is too general, and for the further reason that there is nothing in the evidence to indicate that Bud E. Clark, the defendant, was under the influence of intoxicating liquor at the time of the accident. There is no evidence that there was any person involved in this accident for whom Bud E. Clark was legally responsible."

The record herein discloses that appellee's decedent was driving south on U. S. Highway No. 35 when his

car was struck by the automobile which appellant was driving in a westerly direction across the intersection of the aforementioned county highway. There was a sharp conflict in the evidence as to whether appellant or one Charles Gaw was driving at the time of the collision. However, the jury, in answer to interrogatories, found that appellant was the driver and that Gaw was not.

A most careful examination of the record discloses there is not a scintilla of evidence from which it could be found or reasonably inferred that appellant, at the time of the accident, was under the influence of intoxicating liquor.

In the case of *Hayes Freight Lines, Inc. et al.* v. *Oestricher* (1946), 117 Ind. App. 143, 147, 66 N. E. 2d 612 (Transfer denied), this court, speaking through Judge Draper, said:

> "Our books are full of cases which hold that instructions should be relevant to the issues and pertinent to the evidence, and if an instruction is given concerning a fact or set of facts to which no evidence has been adduced, it will be reversible error unless it clearly appears that the party affected was not harmed thereby. (Citing authorities.)"

In the case of *American Employers' Insurance Company* v. *Cornell* (1948), 225 Ind. 559, 569, 76 N. E. 2d 562, the Supreme Court said:

> "It is true that prejudice from an erroneous instruction is presumed unless the contrary affirmatively appears and in considering the effect of an erroneous instruction this court assumes that the error influenced the result unless it appears from the interrogatories, the evidence, or some other part of the record that the verdict under proper instructions could not have been different."

We. are of the opinion the trial court erred in giving. the above instruction. There is nothing in the record which would affirmatively indicate appellant was not harmed by the giving of this instruction.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 109 N. E. 2d 729.