GERGELY *v.* MOORE ET AL.

[No. 18,433. Filed June 30, 1954. Rehearing denied October 28, 1954. Transfer denied February 9, 1955.]

*George Cohan,* of Gary, and *Jay E. Darlington,* of Hammond, for appellant.

*Joseph L. Skozen,* of Hammond, and *Stump & Emswiller,* of Indianapolis, for appellee.

ACHOR, J.—This is an action for personal injury arising out of an automobile collision. The collision occurred on U. S. Highway 41, which is a four-lane highway running north and south. The point of collision was a short distance south of the interestion of U. S. 41 with U. S. Highway 6. Appellant (Gergely) was riding in an automobile driven by her husband. Immediately prior to the collision the Gergely car was traveling north on the left side of the east half of the highway next to the yellow line at the center of the highway. Appellee (Wade) was also driving his automobile north on said highway a short distance to the right and rear of the Gergely car.

Other material facts regarding the collision were as follows: At the same time, defendant Moore was traveling south behind two other automobiles which were abreast of each other on the west half of U. S. 41, all approaching the automobile occupied by the appellant. Immediately prior to the collision, Moore, in an attempt to pass the two other automobiles, suddenly "darted" over upon the east half of said U. S. 41 directly into the path of the automobile occupied by the appellant. The Moore and Wade cars, traveling in opposite directions, collided with the Gergely car almost instantaneously. The evidence as to the speed of both the Wade and Gergely cars and the position of the Wade car upon the east half of the highway was in dispute.

The defendant Moore defaulted.

This appeal is from a verdict and judgment in favor of the defendant-appellee Wade.

The errors assigned in appellant's motion for new trial and relied upon by the appellant as grounds for this appeal are the giving of defendant-appellee Wade's

instructions numbered 2, 5 and 13, and a false statement made by one of the jurors on *voire dire*. Instructions 2 and 5 were mandatory instructions on the subject of contributory negligence. Appellant objected to these instructions on the ground that there was no evidence of negligence on the part of appellant.

The rule is now well established that although a passenger is riding as a guest of the operator of a motor vehicle, such guest is nevertheless required to use that degree of care for his own safety that an ordinarily prudent person in like circumstances would use under the same or similar conditions. *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. 2d 847; *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456; *Davis* v. *Dondanville* (1940), 107 Ind. App. 665, 26 N. E. 2d 568; *Ohio Elec. Co.* v. *Evans* (1922), 77 Ind. App. 669, 134 N. E. 519.

It is appellee's contention that the facts in evidence raise an inference that appellant saw or in the exercise of reasonable diligence should have seen the Moore car drive over upon the left side of the highway in the path of their car and warned her husband of the hazard involved. Appellee contends that appellant's failure to so warn her husband raised an inference of negligence on her part sufficient to sustain the instructions objected to.

In order to charge appellant with a duty of giving a warning to her husband, the burden was upon appellee to establish (1) either that Mr. Gergely was not already aware of the hazardous circumstances involved, or (2) that he, being aware of such hazardous circumstances, negligently operated the automobile with respect thereto *for a sufficient period of time,* that (a) his negligent operation became apparent to appellant, and (b) that she thereafter had an

opportunity to remonstrate to him regarding his negligent conduct.

In the case before us the evidence is conclusive that Mr. Gergely was fully aware of the hazard as it developed. It is also conclusive that the collision happened so "suddenly" thereafter that the appellant had no opportunity either to contemplate her husband's conduct with respect thereto or to protest to him because of the manner of such conduct. We find no evidence or inference of even an opportunity for such contributory negligence on the part of appellant proximately causing her injury. Therefore, we must conclude that instructions 2 and 5 were not applicable to the evidence and that the giving of these instructions was erroneous. Furthermore, we must assume that the error was prejudicial and cause for reversal unless it appears from the record that the error was harmless. *Caughell* v. *Indianapolis Traction, etc. Co.* (1912), 50 Ind. App. 5, 10, 97 N. E. 1028; *Bachus, Admx.* v. *Ronnebaum* (1933), 98 Ind. App. 603, 606, 186 N. E. 386; *Huntington* v. *Hamilton* (1946), 118 Ind. App. 88, 97, 69 N. E. 2d 134; *Chesapeake & O. Ry.* v. *Boston* (1948), 118 Ind. App. 526, 531, 75 N. E. 2d 194; *Public Service Co.* v. *DeArk* (1950), 120 Ind. App. 353, 360, 92 N. E. 2d 723; *Clark* v. *Rohr* (1953), 123 Ind. App. 209, 109 N. E. 2d 727; *Neese* v. *Boatright* (1954), 124 Ind. App. 680, 118 N. E. 2d 510; Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §2785, *Comment* 2, Ch. 56, pp. 365, 366.

However, appellee contends that error, if any, in the giving of instructions 2 and 5 was harmless for the reason that regardless of the instructions, no judgment for the appellant could stand because of a total absence of negligence on the part of the

appellee. However, appellee's contention in this regard is not supported by the record. In the case before us there was testimony (although sharply disputed) that although the accident occurred in a 40-mile zone, appellee Wade immediately prior to the collision was "closing in" upon the Gergely car from the rear at a speed of approximately 60 miles per hour, partially within the same lane of traffic, until he was about two car lengths to its rear.

In the light of the above testimony we cannot say as a matter of law that there was no evidence of negligence on the part of appellee, or that such negligence was not a proximate cause of appellant's injuries. It is not within the province of this court to weigh the evidence or to resolve the conflicts with respect thereto. The erroneous instructions directed the attention of the jury to an issue of contributory negligence, about which there was no dispute. This was error. We cannot determine as a matter of law whether the jury denied recovery upon this purported issue or because of an absence of negligence on the part of appellee. Therefore, we cannot say that the instructions were harmless.

Other assigned errors will not likely occur in event of another trial of the cause and therefore no good purpose would be served by extending this opinion with a discussion regarding them.

Judgment reversed, with instructions to sustain appellant's motion for new trial.

### ON PETITION FOR REHEARING

ACHOR, J.—In his petition for rehearing, appellee Wade correctly asserts that the court did not discuss the issue as to whether or not appellant Gergely may have been negligent in that she failed to remonstrate to the driver of the car in which she was a guest, be-

cause of the fact that for a distance of a half-mile he drove upon the inner lane of a "four-lane highway" in the presence of heavy oncoming traffic while not in the act of passing another vehicle. Appellant relies upon the general rule of the road that the left side of a highway may be used for passing only.

In connection with this issue, appellee contends that this court should take judicial knowledge of the fact that said highway was congested with traffic approaching from the opposite direction at the time of the collision and that because of this condition approaching cars were likely to cross over onto the east side of the highway and that this fact also presented a material question as to whether or not the appellant's host was negligent in driving upon the inner lane of the highway. Appellee contends that these circumstances may have created an obligation for appellant to act for her own safety and that they were sufficient to support the instruction on the issue of contributory negligence on the part of appellant which was given to the jury.

The fact of the density of traffic, as asserted, does not appear from the evidence and we are not permitted to take judicial knowledge thereof. Furthermore, upon the related issue, it has heretofore been determined that a person traveling upon the inside lane of a four-lane highway "with 'heavy traffic' approaching and passing in the opposite direction . . . had the right to assume that approaching vehicles would stay on their proper side of the center line as the law required." *Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 699, 700, 54 N. E. 2d 108.

Furthermore, appellee's contention ignores §47-2013(b) of Burns' 1952 Replacement, which provides:

"(b)   The driver of a vehicle may overtake and, allowing a sufficient clearance, pass another vehicle proceeding in the same direction either

upon the left or upon the right on a roadway with unobstructed pavement of sufficient width for four (4) or more lines of moving traffic when such movement can be made with safety. . . . (Acts 1939, ch. 48, §64, p. 289.)"

Appellee's contention also ignores §47-2018 and subsection (a), which provides:

"Whenever any roadway has been divided into three (3) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith shall apply:

"(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. (Acts 1939, ch. 48, §69, p. 289.)"

Furthermore, the evidence is undisputed that at the time of the collision the appellant and her host were approaching an intersection where they intended to make a left-hand turn. Our statute relating to this circumstance (§47-2020 and sub-section (b)) provides:

". . . The driver of a vehicle intending to turn at an intersection shall do so as follows:

"(b) Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection, the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. (Acts 1939, ch. 48, §69, p. 289.)"

Under the evidence in the record, we find no basis for an inference of negligence on the part of either the driver of the Gergely car because of the fact that at the time of the collision the Gergely car was traveling on the left and inner lane of the highway two-car lengths ahead of appellee's car, or on the part of appellant as a guest because she failed to remonstrate to

the driver thereof because of the manner of his driving. Therefore, our position that it was error for the court to give an instruction relating to contributory negligence on the part of appellant is not changed.

Other contentions raised by appellee in his petition are based upon a misstatement of the record and are ignored.

NOTE.—Reported in 120 N. E. 2d 637.
　　　　Rehearing denied 122 N. E. 2d 142.